In re Kimberly HANSEL, Debtor.

In re Donald Charles CAIN, Sr., Debtor.

Bankruptcy Nos. 92–41584–H5–7, 92–41642–H5–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 27, 1993.

Roger T. Yokubaitis, Houston, TX, Michael Huddleston, Dallas, TX.

Marvin Isgur, Houston, TX.

## REVISED ORDER REGARDING CLAIMS OF REPUBLIC UNDERWRITERS INSURANCE COMPANY OF OKLAHOMA

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court are the issues of whether Republic Underwriters Insurance Company of Oklahoma ("Republic") has filed a timely proof of claim and whether it has standing to object to claims and otherwise participate in these bankruptcy cases. After considering the motion of Republic for new trial, this Court amends its findings and conclusions as set forth herein.

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Based on a review of the law, the pleadings, and arguments of counsel, the Court finds that Republic did not file a timely proof of claim in the Donald Cain case and does not have standing to object to claims or to otherwise participate in either bankruptcy case.

### Amended Findings of Fact

1. Republic is the underwriter for the homeowners insurance policy of Donald C. Cain and Karen Kay Cain.

2. Kimberly Hansel is Donald Cain's daughter. Her husband is James Hansel.

3. Jennifer Cain is Donald Cain's niece.

4. Cecilia Cain is Jennifer Cain's mother.

5. During 1989, when she was 12 and 13 years old, Jennifer Cain lived with Donald Cain, Kimberly Hansel, and James Hansel, in the home of Donald Cain. Jennifer Cain and her mother did not know at that time that James Hansel had a prior criminal record for sexual assault of a minor.

6. During this time, Jennifer Cain was raped repeatedly by James Hansel.

7. James Hansel has been convicted of sexual abuse of a minor for his assaults on Jennifer Cain and is serving a prison sentence.

8. On July 30, 1990, Jennifer Cain, through Cecilia Cain, filed suit against Donald Cain and Kimberly Hansel in the 165th Judicial District Court in Harris County Texas to recover damages for the rapes (the "state tort case"). This case was subsequently transferred to the 333rd District Court of Harris County, Texas.

9. The state tort case is defended by counsel hired by Republic. Specifically, Republic hired Alvin Laser to represent Kimberly Hansel and Jay Hirsch to represent Donald Cain.

10. The defense is undertaken pursuant to a purported reservation of rights by Republic, which sent the insureds two letters.

11. The letter dated July 30, 1990, states in part:

"... any investigation made or actions taken by ourselves or other representatives of the insurer on this claim is done with a full reservation of rights *under the policy* and with the understanding that any action whatever by ourselves or other representatives of republic Underwriters Insurance Company will not constitute a waiver of any rights the insurance company may have *under the policy* .... we will assume you understand that any action taken in the investigation, adjustments, or defense of this claim is done with a full reservation of rights *under the policy*, and will not be considered a waiver of any rights *under the policy*." (emphasis added.)

12. The March 6, 1992 letter states in part: "We will continue to negotiate and defend this matter on your behalf. We will also continue to *reserve our position with respect to the applicable policy limits ..."* (emphasis added.)

13. A copy of these letters and the insurance policy are attached to this opinion.*

14. On February 20, 1992, the week before the scheduled commencement of the trial of the state tort case, Kimberly Hansel filed a chapter 7 bankruptcy case which was

* EDITOR'S NOTE: Insurance policy was omitted from publication.

assigned to the docket of the undersigned judge.

15. Also on February 20, 1992, Alvin Laser, hired by Republic, on behalf of Kimberly Hansel, removed the state tort case to the bankruptcy court.

16. It has come to light during the course of this case that although Margaret Little originally represented Kimberly Hansel in this bankruptcy, she did so at the behest of Alvin Laser, the attorney hired by Republic for Kimberly Hansel. Furthermore, Alvin Laser paid the filing fee for Kimberly Hansel's bankruptcy. Kimberly Hansel paid Ms. Little nothing for representation in this bankruptcy.

17. The next day, February 21, 1992, Donald Cain filed a chapter 13 bankruptcy case. That bankruptcy was initially assigned to the docket of Judge Leal.

18. Donald Cain's bankruptcy attorney is Madison Jones. Madison Jones' Chapter 13 Fact Form and Fee Application filed in Donald Cain's bankruptcy contains a time entry for February 18, 1992, two days prior to filing the Cain bankruptcy, for a telephone conference with Jay Hirsch, the attorney hired by Republic, regarding "trial of homeowner policy case and ramifications of filing Chapter 13 case prior to trial of liability issues."

19. Also on February 21, 1992, Jennifer Cain sought an emergency hearing for relief from the automatic stay to allow prosecution of the state tort case to proceed and to remand it back to state court. Judge Leal transferred the Donald Cain case to the undersigned judge for the purposes of that hearing. This Court conducted the hearing on that date in both the Kimberly Hansel and Donald Cain bankruptcies and ordered the state tort case remanded and lifted the automatic stay for the purpose of prosecution of the state tort case. The attorneys hired by Republic, Alvin Laser and Jay Hirsch, were present at that hearing.

20. On March 5, 1992, the clerk of the court issued the Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates for Kimberly Hansel's case which

states "Do not File a Proof of Claim Until You Receive Notice To Do So."

21. On April 27, 1992, the clerk of the court issued the Notice of Commencement of the Case Under Chapter 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Date for Donald Cain's bankruptcy, setting the meeting of creditors for May 28, 1992, and the deadline to file proofs of claim for August 26, 1992.

22. On May 28, 1992, without seeking to lift the automatic stay, Republic filed a declaratory judgment action in the 165th District Court of Harris County, Texas against Donald Cain, Kimberly Hansel, and Jennifer Cain (through Cecilia Cain as next friend). The declaratory judgment action seeks a determination of whether there is coverage under the insurance policy and whether Republic has a duty to defend Kimberly Hansel and Donald Cain in the state tort case and seeks reimbursement for attorneys fees and costs.

23. On July 14, 1992, this Court held a hearing on an emergency motion to lift stay filed by Jennifer Cain seeking authority to answer the declaratory judgment action. Thereafter, this Court ordered the lifting of the stay.

24. On August 11, 1992, Republic filed in the Donald Cain bankruptcy its Motion of Republic Underwriters Insurance Co. of Oklahoma for Relief from Automatic Stay seeking termination of the automatic stay for cause "for the limited purpose of allowing Republic's action for a determination of its obligations under the Insurance Policy to proceed to trial and judgment in order to obtain a determination as to whether or not there is coverage for and/or a duty to defend the State Court Action."

25. Also, on August 11, 1992, Republic filed in the Donald Cain bankruptcy its Motion of Republic Underwriters Insurance Co. of Oklahoma to Approve Agreed Order Pursuant to Bankruptcy Rule 4001. This motion recites:

Republic and the Debtor have reached an agreement regarding the prosecution of a certain state court lawsuit by Republic. This agreement is reflected in the Agreed Order attached hereto as Exhibit "A."

This Agreed Order provides for the termination of the automatic stay to allow for the state court lawsuit styled *Republic Underwriters Insurance Co. of Oklahoma v. Donald C. Cain, Kimberly Hansel, Cecilia Cain, Individually and a/n/f Jennifer Diane Cain, A Minor*, to proceed to trial and judgment.

There is no exhibit "A" attached to the motion.

26. On August 28, 1992, pursuant to the motion filed by Republic, Judge Leal ordered the lifting of the automatic stay in Donald Cain's bankruptcy to allow Republic to prosecute the declaratory judgment action.

27. On August 31, 1992, Judge Leal vacated the order lifting the stay which had allowed the declaratory judgment action to proceed.

28. On September 17, 1992, for administrative convenience and consistency, the Court ordered the joint administration of the Kimberly Hansel and Donald Cain bankruptcies on the docket of the undersigned judge. The Court ordered: (1) all pleadings shall bear all case names and numbers; (2) Donald Cain's bankruptcy should be transferred to the undersigned judge; and (3) the transfer is for administrative purposes only. There was specifically no consolidation of the estates of the debtors and the order does not provide that one claims register be kept for all claims in both cases. Consequently, the clerk's office maintained two files and two claims registers. Limited joint administration is a common practice in bankruptcy due to the particular facts of the cases.

29. On September 25, 1992, on motion of Republic, this Court ordered the automatic stay annulled in both bankruptcy cases for the purpose of allowing the prosecution of the declaratory judgment action to proceed.

30. On October 20, 1992, Republic filed what is entitled an "Amended Proof of Claim" bearing the names and case numbers of both debtors in the heading and stating in the body,

[t]his claim amends the original proof of claim filed on August 11, 1992, comprising the Motion of Republic Underwriters Insurance Co. of Oklahoma for relief from Automatic Stay and the Motion of Republic Underwriters Insurance Co. of Oklahoma to Approve Agreed Order Pursuant to Bankruptcy Rule 4001, and is filed to supplement and clarify the original proof of claim.

At the time of the hearing on this matter, on January 11, 1993, this amended claim appeared only in the Kimberly Hansel claims file. At the time of that hearing, a review of the claims docket in the Donald Cain bankruptcy showed no amended claim was ever docketed for Republic in that bankruptcy.[1] On February 18, 1993, Republic filed documents entitled Second Amended Claims in both the Kimberly Hansel and Donald Cain cases. The Second Amended Claims are not significantly different from the Amended Claim and the findings and conclusions regarding the Amended Claim apply equally to the Second Amended Claims except that the Second Amended Claims were filed in both bankruptcies.

31. On November 3, 1992, this Court held a hearing regarding discovery matters in the Kimberly Hansel bankruptcy. At this hearing, Michael Huddleston, counsel for Republic, stated "Republic knew about the bankruptcy. There's no question. It'd be stupid to try to hide that. And the fact is, it [filing the declaratory judgment action without bankruptcy court permission] was a mistake. It was a good faith mistake and it was made. And that's that."

32. On November 9, 1992, judgment was entered in the state tort case in favor of plaintiff Jennifer Cain and against Donald Cain and Kimberly Hansel for $1,030,600.00 in actual damages plus prejudgment and post-judgment interest and in favor of Cecilia Cain against Donald Cain and Kimberly

---

1. After the January 11, 1993, hearing on this matter, there subsequently appeared on the Cain claims docket two additional entries: 1) Amended Proof of Claim, Republic Underwriters Insurance Co. of Oklahoma, date filed 10–20–92, and 2) Second Amended Proof of Claim, Republic Underwriters Insurance Co. of Oklahoma, date filed 2–18–93. Apparently, the claims docketing clerk accepted an already date-stamped copy of the claim that had been filed in the Hansel case and filed it in the Cain case without date-stamping it again.

Hansel for $87,451.00 plus prejudgment and post-judgment interest. This judgment is on appeal.

33. The Court finds that Republic knew about both the bankruptcy cases when they were filed. Both bankruptcies were orchestrated by counsel hired by Republic in order to delay trial of the state tort case.

## Conclusions of Law

■ 1. Despite Republic's assertion, it does not have a claim for reimbursement for attorneys fees and costs expended in defending the state tort suit. A claim for reimbursement may arise under an insurance policy but Republic's policy does not provide for reimbursement by the insured of these expenditures. *Cf. Hartford Acc. & Indem. Co. v. LTV Corp.*, 774 F.2d 677 (5th Cir.1985). If Republic contends that an equitable right to reimbursement exists under Texas law, it has cited no authority in support of this position. It has been held that an insurer cannot avail itself of equitable restitution of litigation costs because its primary motive in defending under a reservation of rights is to protect its own interests and not those of its insured. *Reliance Ins. Co. v. Alan*, 222 Cal.App.3d 702, 709, 272 Cal.Rptr. 65, 69 (Cal.Ct.App. 1990), *Ins. Co. of the West v. Haralambos Beverage Co.*, 195 Cal.App.3d 1308, 1323, 241 Cal.Rptr. 427, 434 (Cal.Ct.App.1987), *Travelers Ins. Co. v. Lesher*, 187 Cal.App.3d 169, 203, 231 Cal.Rptr. 791, 809 (Cal.Ct.App.1986). The insurer who is uncertain whether coverage is provided under a policy undertakes the defense of its insured under a reservation of rights in large part to protect itself from a subsequent claim that it breached its agreement with the insured. *Reliance Ins. Co. v. Alan, supra, Ins. Co. of the West v. Haralambos Beverage Co., supra, Travelers Ins. Co. v. Lesher, supra.* Although the assumption of the defense by the insurer without a doubt also benefits the insured, it is not primarily undertaken for the insured's benefit. *Reliance Ins. Co. v. Alan, supra, Ins. Co. of the West v. Haralambos Beverage Co., supra, Travelers Ins. Co. v. Lesher, supra.*

■ 2. Republic alludes to some right arising from the reservation of rights letters it sent to Donald Cain and Kimberly Hansel. These letters purport to reserve only contractual rights, however, not equitable rights. Nowhere does either letter mention that Republic expects the insureds to reimburse it for the costs of defense of the state tort suit should it be found to have no duty to defend the insureds. The right to reimbursement for this possibility is not stated in the policy. Even assuming Republic could have created this right through a subsequent agreement with the insureds, these letters fail to put the reader on notice that such a right is claimed. The provisions of a non-waiver agreement will be construed strictly against the insurer and will not be extended by implication beyond their exact terms. *Employers Casualty Co. v. Tilley*, 496 S.W.2d 552, 559 (Tex. 1973). *See also The Charles Stores, Inc. v. Aetna Ins. Co.*, 428 F.2d 989 (5th Cir.1970); Betty R. Dohoney, *The Liability Insurer's Duty to Defend*, 33 Baylor L.Rev. 451, 478 (1981). There is no reservation of rights when there has not been even unilateral communication of the claimed right. *See Empire State Surety Co. v. Pacific Nat. Lumber Co.*, 200 F. 224 (9th Cir.1912). An insurer is not entitled to recover litigation costs where the record does not reflect an agreement or understanding that the insured would reimburse if later it was determined there was no duty to defend. *St. Paul Mercury Ins. Co. v. Ralee Engineering Co.*, 804 F.2d 520, 522 (9th Cir.1986) cf. *Omaha Indemnity Insurance Co. v. Cardon Oil Co.*, 687 F.Supp. 502 (N.D.Ca.1988) (court held in favor of insurance company where letter specifically reserved right to reimbursement for costs of defense if no duty to defend.)

■ 3. Republic's claim for attorney's fees is limited to those expended in the declaratory judgment action and arises solely by virtue of Tex.Civ.Prac. & Rem.Code section 37.009 which provides that the court may award costs and reasonable and necessary attorney's fees as are equitable and just in conjunction with a declaratory judgment action. Under the statute, attorneys fees may be awarded to either the plaintiff or the defendants. Republic's claim, therefore, is both highly speculative and arose post-petition when the declaratory judgment action was filed.

4. Ordinarily, claims arising post-petition are not administered in a Chapter 13 bankruptcy. Bankruptcy Code section 1305 provides for the filing and allowance of only certain post-petition claims which do not include the type of claim asserted by Republic.

5. Bankruptcy Code section 101(10) provides that a creditor is an entity that has a claim against the debtor that arose at or before the order for relief or has a claim against the estate of a kind specified in sections 348(d), 502(f), 502(g), 502(h), 502(i), or one who has a community claim. Republic's claim does not qualify under any of the enumerated sections.

6. Since Republic's claim did not arise at or before the order for relief, it is not a creditor, according to the Bankruptcy Code, of either the chapter 7 or the chapter 13 estate.

7. Only a creditor or an indenture trustee may file a proof of claim. 11 U.S.C. § 501.

8. Since Republic is neither a creditor as defined by Bankruptcy Code Section 101(10), nor an indenture trustee, it cannot file a claim and its claim must be disallowed.

9. Moreover, even if Republic's claim for attorney's fees and costs arose pre-petition, it failed to act to protect its claim in Donald Cain's chapter 13 bankruptcy. As a "no asset" case, there is no deadline for filing claims in Kimberly Hansel's chapter 7 bankruptcy, and if Republic had a pre-petition claim, it could still timely file it. See Federal Rules of Bankruptcy Procedure rule 3002(c)(5). However, this Court understands that Republic primarily seeks to assert its claim in the chapter 13 case in order to object to the Jennifer Cain motion to compromise controversy.

10. Federal Rules of Bankruptcy Procedure Rule 3002(c) requires claims in chapters 13 and 7 bankruptcy cases to be filed 90 days after the first date set for the meeting of creditors.[2] Since the first date set for the meeting of creditors in Donald Cain's bankruptcy was May 28, 1992, the claims deadline was August 26, 1992.

11. Republic filed no formal proof of claim in either bankruptcy case prior to the expiration of the Donald Cain claims deadline. Furthermore, although Republic filed its "amended proof of claim" only in the Kimberly Hansel bankruptcy, it seeks to now assert the existence of informal claims in the Donald Cain bankruptcy. However, even assuming that Republic meant to file its "amended proof of claim" in the Donald Cain bankruptcy as well as in the Kimberly Hansel bankruptcy, Republic must prove the existence of informal proofs of claim in both cases in order to relate back the asserted amendments.

12. The Fifth Circuit requires, at least, that an informal proof of claim evidence: (1) some form of demand by the creditor on the debtor's estate and; (2) the creditor's intent to hold the estate liable. *See In re Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir.1980).

13. Prior to the deadline for filing proofs of claim, Republic never attached its declaratory judgment petition to any instrument filed in the bankruptcy court. Moreover, Republic never in any way indicated it sought affirmative relief against the debtor. Further, prior to the deadline, Republic never made known to this Court its intention to claim from either of these debtors its attorney's fees and costs incurred in defending the state tort case. The nature of Republic's claim can only be determined from the language of declaratory judgment petition itself. This petition was filed without notice to this Court and was not attached to the August 11, 1992, motion filed by Republic to approve the agreed order. The two motions filed by Republic prior to the proofs of claims deadline fail to describe the nature or amount of the claim, fail to make a demand on debtor's

---

**2.** The Supreme Court's ruling in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), that a creditor in a chapter 11 may late file a proof of claim upon a showing of excusable neglect under Fed.R.Bankr.P. Rule 9006(b)(1), is inapplicable in a chapter 13 case because Fed. R.Bankr.P. Rule 9006(b)(3) limits the court's ability to enlarge the time for filing a claim in chapter 7's and chapter 13's to certain enumerated conditions; none of which are present in this instance. Even assuming an excusable neglect standard applies to this case, no excusable neglect has been shown.

estate or evidence any intention to hold the debtor's estate liable, and therefore, fail to apprise the Court or others that additional, affirmative relief for reimbursement is sought. Consequently, these motions fail as informal proofs of claim eligible for amendment. Since the Court can find no timely informal proof of claim to which the attempted amendments might relate back, Republic has no timely filed claim in the Donald Cain bankruptcy.

14. Republic was actively involved in both of these bankruptcies prior to the expiration of the Donald Cain claims deadline. Counsel hired by Republic were the driving forces behind the filing of these bankruptcies and orchestrated them in order to delay the prosecution of the state tort case. Republic's motions give notice only that it seeks a determination of whether there exists insurance coverage and whether it must continue to defend the state tort suit. The motions give no notice that Republic seeks the affirmative relief of reimbursement for its expenditures.

15. Since Republic had actual notice of the Donald Cain bankruptcy, it was put on inquiry notice that its claim might be affected. See In re Gregory, 705 F.2d 1118 (9th Cir.1983). Republic's attorneys are knowledgeable about fundamental bankruptcy procedure. The deadline for filing proofs of claims in a Chapter 13 is clearly set out in Rule 3002(c) and the first date set for the creditor's meeting is readily ascertainable from the court's file, the docket, or the debtor's attorney.

16. Republic asserts that Donald Cain should have listed it in his list of creditors so that it would have received the notice of creditor's meeting. The Court finds that Republic's "claim" for attorneys fees against the debtor was not known by the debtor at the initiation of this case. At most, Donald Cain would have been aware of Republic's reservation of rights letters sent to him. However, these letters only seek to reserve Republic's rights "under the policy" and do not put anyone on notice of an affirmative claim for monetary relief. At the time of filing, Republic was aligned with debtors in defense of the state tort case. Republic, as an creditor unknown to debtor, which had

itself actual knowledge of the bankruptcy, had a duty to conduct the very minimal investigation required here to discover the bar date for filing claims. See Missionary Baptist Found. of Am., Inc., 41 B.R. 467, 471 (Bankr.N.D.Tex.1984) and In re CRC Wireline, Inc., 103 B.R. 804, 808 (Bankr.N.D.Tex. 1989)˙ and the cases cited therein.

17. This Court finds persuasive the ruling and analysis of In re Stewart, 46 B.R. 73 (Bankr.D.Ore.1985) holding that "a party in interest" for purposes of chapter 13 is the holder of an allowed unsecured claim. Republic's reliance on cases interpreting Bankruptcy Code section 1109 to include the debtor's homeowners insurer is misplaced, since section 1109 applies only to cases filed under chapter 11. Republic would have this Court liken a simple individual, wage earner bankruptcy to a class action or chapter 11 reorganization. By contrast with chapter 11 proceedings, chapter 13 is structured by Congress to provide an economical, streamlined method of individual reorganization for debtors who wish to repay some or all of their debts. Cf. 11 U.S.C. §§ 1322 and 1325 with 11 U.S.C. §§ 1172 and 1173. Burdening a chapter 13 proceeding with ponderous ancillary litigation, a strategy frequently seen in chapter 11, ill-serves the bankruptcy system and defeats Congressional intent.

18. In asserting that no party-in-interest has objected to its untimely claim Republic promotes form over substance. As the court stated in In re Wilson, 90 B.R. 491 (Bankr.N.D.Ala.1988) in holding that no objection need be filed to an untimely proof of claim, "[t]he underlying claim simply is not such a claim as is allowed by operation of § 502(a)." The Court finds that Republic is not the holder of an allowed unsecured claim.

19. Only a party-in-interest may object to proofs of claims under 11 U.S.C. § 502. The Court concludes that regardless of whether Republic is a post-petition creditor in both bankruptcy cases or the holder of an untimely filed proof of claim in Donald Cain's bankruptcy, Republic is not a party-in-interest in Donald Cain's bankruptcy. Republic, therefore, lacks standing to object to

claims or to otherwise participate in that case.

20.   Although Republic may argue that it has a claim in the Kimberly Hansel chapter 7 bankruptcy because no bar date exists due to the "no asset" status, the Court finds that Republic is a post-petition creditor and thereby lacks standing.

## APPENDIX

Houston Service Office

> 7676 Hillmont, Suite 260
> Houston, Texas 77040
> Telephone 713 690 1467

July 30, 1990

CERTIFIED MAIL—RETURN RECEIPT REQUESTED

RE:   Our Insured: Donald C. and Karen
    Kay Cain
    Policy No.: 38071613
    Claimant: Jennifer, Cecilia and Cheryl
    Cain
    D/Accident: 5/11/90

Dear Mr. and Mrs. Cain:

Your notice of accident occurring on or about May 11, 1990, reported under Policy No. 38071613, has been referred to this office for an investigation.

Your policy requires that you give written notice of an accident to the insurance company or its authorized agent as soon as practicable after an accident occurs.   It is important that accidents be reported immediately so a prompt investigation can be made, witnesses interviewed while they remember the facts, and any claims that develop given the necessary attention.

Because this alleged occurrence was not reported timely, and also possibly involves intentional acts by James Hansel, and the unusual facts involved in this claim and for any other reasons as they may appear, any investigation made or actions taken by ourselves or other representatives of the insurer on this claim is done with a full reservation of rights under the policy and with the understanding that any investigation, adjustments, defense of the claim or any action whatever by ourselves or other representatives of Republic Underwriters Insurance Company will not constitute a waiver of any rights the insurance company may have under the policy.

If you have any questions about our handling this claim as herein outlined, please advise. Otherwise, we will assume you understand that any action taken in the investigation, adjustments, or defense of this claim is done with a full reservation of rights under the policy, and will not be considered a waiver of any rights under the policy.

Sincerely yours,

/s/ Benny D. Jasek
Benny D. Jasek
Senior Claims Representative
Duly Authorized Agent of
Republic Underwriters Insurance Company

BDJ/ch

Charles D. Derryberry
Assistant Vice President
Claims

> Republic
> Insurance
> 2727 Turtle Creek Boulevard
> Dallas, Texas 75219
> P.O. Box 660560
> Dallas, Texas 75266 0560
> Telephone 214 559 1640
> Fax      214 520 3147

March 6, 1992

*CERTIFIED LETTER*

*RETURN RECEIPT REQUESTED*

Mr. Donald C. Cain
Ms. Kimberly Hansel
6910 Pinegrove
Houston, Tx. 77092

RE:   INSURED: DONALD C. CAIN
    CLAIMANT: JENNIFER D. CAIN

POLICY NO: 380 71 61
D/O/L: 04/07/90
FILE NO.: 846349

Dear Mr. Cain and Ms. Hansel:

This letter is to update you as to the status of Cecelia Cain, as Next Friend of Jennifer Diane Cain, a Minor v. Don Cain, et al. Cause No. 90–046066 now pending in the 165th Judicial District Court of Harris Count, Texas. As you already may be aware, the Plaintiff in this case has made a demand to settle the matter for $2,000,000. Republic Insurance Company has responded to Plaintiff's demand by offering $600,000. Our position is that Plaintiff's demand is excessive. Furthermore, we believe said demand is beyond the limits of liability of your policy number 380 71 61.

The policy states on the declaration page that the limits of liability are "$300,000 per occurrence". We believe that this case presents, in fact, a single occurrence and under the best of circumstances no more than two (2) occurrences.

We will continue to negotiate and defend this matter on your behalf. We will also continue to reserve our position with respect to the applicable policy limits. Because demand exceeds the limits of the policy, Plaintiff's potential claim could exceed policy limits and expose you to personal liability beyond the limits of the policy. We would encourage any input you might have regarding settlement of this claim.

Very truly yours,

/s/ Charles D. Derryberry
Charles D. Derryberry
Asst. Vice President, Claims
Republic Underwriters Insurance Co.
CDD/cr

cc.   Alvin Laser
      Kruse & Laser
      Attorneys at Law
      510 Bering Dr., Suite 460
      Houston, TX. 77057

Jay Hirsch
Hirsch, Glover, Robinson & Sheiness
Attorneys at Law
917 Franklin Street
Houston, TX. 77002–1779