In the Matter of DE VRIES GRAIN & FERTILIZER, INCORPORATED, Debtor–Appellee.

Appeal of HOLLEWELL ENTERPRISES, INCORPORATED.

No. 93–1372.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1993.

Decided Dec. 22, 1993.

Thomas J. Potter (argued), Ludens, Potter & Burch, Morrison, IL, for Hollewell Enterprises, Inc.

Stephen Balsley (argued), Barrick, Switzer, Long, Balsley & Vanevera, Rockford, IL, Ralph E. Elliott (argued), H. Duane Hastings, Plager, Hasting & Krug, Freeport, IL, for First Bank North.

Before POSNER, Chief Judge, FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

Appellant Hollewell Enterprises, Inc. appeals from a district court order which affirmed the bankruptcy court's denial of (1) Hollewell's objections to the Chapter 7 Trustee's Amended Final Report and Account and (2) Hollewell's request for payment of administrative expenses. Specifically, Hollewell asks this Court to hold that when a Chapter 11 proceeding is subsequently converted to a Chapter 7 proceeding, a creditor such as Hollewell need not file a *proof of claim even though a notice from the Chapter 7 bankruptcy court required that it do so.*

## Background

On January 31, 1986, Mobil Oil Corporation, Kaiser Agricultural Chemicals, Inc., and W.R. Grace & Company filed an involuntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) against the Debtor De Vries Grain & Fertilizer, Incorporated. The Debtor had been engaged in the business of buying, selling and warehousing fertilizer since 1971.

On June 12, 1989, Hollewell Enterprises, Inc., through Attorney Thomas J. Potter, filed a request for payment of administrative expenses, stating that it began selling goods to the Debtor on open account on May 7, 1986, and had also loaned funds to the Debtor. Hollewell explained that on June 1, 1989, the balance on Debtor's account was $389,-

603.11 [1] and requested payment of this amount for administrative expense under Sections 503(b)(1)(A) and 503(b)(3)(D) of the Bankruptcy Code. 11 U.S.C. §§ 503(b)(1)(A), (b)(3)(D).

On September 11, 1989, the Chapter 11 court held a trial on Hollewell's request. Although the docket indicates that an order was to follow from Attorney Potter, no such order followed. On January 18, 1990, the court entered an order which converted the case to one under Chapter 7 of the Bankruptcy Code. On February 6, 1990, the court forwarded a notice to all creditors that the case had been converted. The notice indicated:

> IN ORDER TO HAVE HIS/HER CLAIM ALLOWED SO THAT HE/SHE MAY SHARE IN ANY DISTRIBUTION FROM THE ESTATE, THE CREDITOR MUST FILE A CLAIM WHETHER OR NOT HE/SHE IS INCLUDED IN THE LIST OF CREDITORS FILED BY THE DEBTOR. CLAIMS WHICH ARE NOT FILED WITHIN 90 DAYS AFTER THE ABOVE DATE SET FOR THE MEETING OF CREDITORS WILL NOT BE ALLOWED, EXCEPT AS OTHERWISE PROVIDED BY LAW. A CLAIM MAY BE FILED IN THE OFFICE OF THE UNDERSIGNED BANKRUPTCY JUDGE ON AN OFFICIAL FORM PRESCRIBED FOR A PROOF OF CLAIM.

Counsel for Hollewell received this notice but did not file a proof of claim within 90 days. Neither had Hollewell filed a proof of claim prior to the conversion of the case to Chapter 7. If Hollewell had filed any proof of claim during the pendency of the Chapter 11 case, Rule 1019(3) of the Federal Rules of Bankruptcy Procedure· provided that it would be "deemed filed" in the subsequent Chapter 7 case.[2]

On January 22, 1992—two years after the conversion of the case to Chapter 7 and as those proceedings were winding up—Hollewell, through Attorney Potter, filed a Chapter 7 request to have its Chapter 11 administrative expense request allowed. The bankruptcy judge held that since Hollewell had not filed a proof of claim prior to the Chapter 7 deadline for the filing of proofs of claims, the Chapter 7 trustee and other interested parties could not readily discern the existence or plausibility of any such claim. Consequently, Hollewell's request to have its Chapter 11 administrative expense request included was denied. This resulted in an appeal to the district judge.

In an opinion of January 13, 1993, District Judge Reinhard affirmed the order of the bankruptcy court against Hollewell. The district court rejected Hollewell's contention that its Chapter 11 request for payment of administrative expenses was an "informal proof of claim" and therefore should have been "deemed" filed in the Chapter 7 proceedings pursuant to Bankruptcy Rule 1019(3). The district court noted that:

> [Hollewell] ignores the difference between a request for administrative expenses and proofs of claim. During the pendency of the chapter 11 proceeding, appellant could only file a request for administrative expenses for the funds advanced to the debtor, post-petition and preconversion. It was not until the case was converted to chapter 7 that these debts became claims necessitating the filing of a proof of claim.

Since Hollewell failed to file a proof of claim upon conversion—as required by the bankruptcy court's February 6, 1990 notice—it was not entitled to payment. The district court also noted that Hollewell never submitted an order for court approval after the Chapter 11 hearing on its request for administrative expenses even though a notice from

---

1. In the ensuing Chapter 7 case, the trustee showed net cash available for distribution of only $88,889.90 and proposed to pay administrative expenses of $3,110.75 but none to Hollewell. He reported that no other administrative expenses existed. (Hollewell App. 19–20).

2. Bankruptcy Rule 1019(3) provides that "All claims actually filed by a creditor in the superseded [chapter 11] case shall be deemed filed in

the chapter 7 case." Fed.R.Bankr.P. 1019(3). The word "actually" was added to Rule 1019(3) by an amendment which took effect on August 1, 1987. Since here the conversion to Chapter 7 occurred well after the amendment, we look to the rule as amended for guidance. Cf. *In re Fesco Plastics Corp.*, 908 F.2d 240, 242 (7th Cir.1990).

the Chapter 11 bankruptcy court required it to do so.

### Analysis

■ The district court's determination was correct: Hollewell's pre-conversion request for administrative expenses did not satisfy its obligation (if it is to be repaid the funds it is owed by the Debtor) to file a proof of claim after conversion to Chapter 7.

■ Bankruptcy Rule 1019(3) requires actual filing of proofs of claims in the earlier Chapter 11 case for a creditor's claim to be "deemed filed" in the Chapter 7 case. Neither the Bankruptcy Code nor the Bankruptcy Rules provide for an allowance of administrative expenses after conversion of a Chapter 11 case to a Chapter 7 case unless a proof of claim has been filed pursuant to Section 501 (11 U.S.C. § 501) before or after conversion. Here despite being given notice after conversion that such a proof of claim must be filed, Hollewell's seasoned bankruptcy lawyer failed to do so. Hollewell's attorney also failed to file the order concerning administrative expenses requested by the Chapter 11 court.

Having failed to file a Chapter 7 or Chapter 11 proof of claim, Hollewell is left to argue that its Chapter 11 request for payment of administrative expenses be treated as if it were a proof of claim. First, this argument ignores that the Bankruptcy Rules require an actual proof of claim. See note 2 *supra.* Second, no court has ever considered a pre-conversion Chapter 11 request for payment of administrative expenses to constitute a Chapter 7 proof of claim. Nor is this Court willing to take such a step. As explained in *In re Transouth Truck Equipment, Inc.,* 87 B.R. 937, 939 (Bkrtcy. E.D.Tenn.1988):

> The practical reason for requiring proofs of claims should be obvious. When a chapter 11 case converts to chapter 7, there may be a multitude of ordinary business debts that the debtor incurred during the chapter 11 case. As to these debts, the conversion to chapter 7 is very much like the filing of a new chapter 7 case by a debtor who has not been in chapter 11. The main difference is that some of the ordinary business debts will be entitled to administrative expense priority. The drafters of Rule 1019 apparently concluded that it is easiest to require everyone with a claim that arose during a chapter 11 case, and which is not governed by Rule 2016, to file a proof of claim regardless of whether the claim might be an administrative expense. 12 Collier on Bankruptcy ¶ 122.12 (14th ed. 1987).

\* \* \* \* \* \*

Requiring an administrative expense claimant to file a proof of claim does not contradict the provision in § 503(a) that an administrative expense claimant can file a request for payment. Section 503(a) leaves it to the rules to define a request for payment. In this situation, Rule 1019 provides that a request for payment must be made by filing a proof of claim.

See also *In re Lissner Corp.,* 119 B.R. 143, 145, 146 (N.D.Ill.1990); *In re Perpetual Corp.,* 112 B.R. 27, 29 (Bkrtcy.M.D.Tenn. 1990). Moreover, Rule 1019(3) is designed to enable Chapter 7 trustees to officially and effectively administer converted Chapter 7 cases. *Cf.* Fed.R.Bankr.P. 1019 advisory committee notes to 1987 amendment. Compelling the Chapter 7 trustee to engage in an extended review of the Chapter 11 record in order to determine the existence of pre-conversion requests for administrative expenses absent a proof of claim in either proceeding would hinder the administration of converted Chapter 7 cases. On the other hand, requiring that a creditor seeking reimbursement of pre-conversion administrative expenses file a proof of claim, as ordered after conversion to Chapter 7, would not impose any significant burden on creditors. Here Hollewell was on notice both that the De Vries matter had been converted and that creditors were required to file proofs of claim. Hollewell, with little effort or cost, could have filed a post-conversion proof of claim, or at least complied with the Chapter 11 bankruptcy court's request for an order regarding the administrative expenses in question. Having failed to take these precautions—even though its counsel advised us at the oral argument that he is an experienced bankruptcy lawyer—Hollewell must suffer the consequences.

Relying on *Pioneer Investment Services Co. v. Brunswick Associates,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 Hollewell next argues that its lawyer's failure to file a Chapter 7 proof of claim should be judged by the "excusable neglect" standard of Bankruptcy Rule 9006(b). However, in that case, Justice White, the author of the majority opinion, was careful to point out that the "excusable neglect" standard covers late filing of proofs of claim in Chapter 11 cases but not in Chapter 7 cases, stating (—— U.S. at ——, 113 S.Ct. at 1495):

> The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. See *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization.

The *Pioneer Investment Services* decision thus does not support Hollewell's contention, but rather supports the district court's determination.

Other arguments raised by Hollewell were not raised below and therefore will not be considered here. *UNI Imports Inc. v. Aparacor, Inc.,* 978 F.2d 984, 992 (7th Cir.1992).

The district court's judgment is affirmed.