**In re James A. SCOTT a/k/a Tony Scott p/d/b/a Envision Imaging Technologies, Inc., Debtor.**

**ELECTRONIC SNEAK PREVIEW, INC., Plaintiff,**

v.

**James A. SCOTT a/k/a Tony Scott p/d/b/a Envision Imaging Technologies, Inc., Defendant.**

**Bankruptcy No. 95–9829–RLB–7. Adversary No. 96–272.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Feb. 25, 1998.

William J. Tucker, Brett R. Fleitz, Hopper, Galliher & Tucker, Indianapolis, IN, for plaintiff.

Bruce D. Brattain, Brattain & Minnix, Indianapolis, IN, for debtor/defendant.

## ENTRY ON MOTION TO DISALLOW CLAIM

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion to Disallow Claim of Electronic Sneak Preview, Inc. ("Motion to Disallow Claim"), filed by James A. Scott ("Debtor") on November 14, 1997. Electronic Sneak Preview, Inc. (the "Creditor") filed a response to the Motion to Disallow Claim ("Response") on January 16, 1998. The Court, having reviewed the Motion to Disallow Claim and the Response, now makes the following Entry.

The Debtor filed a petition under Chapter 7 on December 19, 1995. On May 24, 1996, a notice was sent to all creditors that the case was a possible asset case, and that the deadline for filing claims would be August 15, 1996 (the "Claims Bar Date"). The Creditor filed adversary proceeding 96–272 on July 8, 1996, prior to the expiration of the Claims

Bar Date. In November of 1997, the Debtor filed the instant Motion to Disallow Claim.[1]

On December 29, 1997, after the expiration of the Claims Bar Date, the Creditor filed a proof of claim. The Creditor now argues that the complaint that initiated adversary proceeding 96–272 ("Adversary Complaint"), should be deemed an informal proof of claim. The Creditor further argues that its late-filed proof of claim, filed in December of 1997, should be deemed to relate back to its timely-filed informal proof of claim, i.e., the Adversary Complaint.

Bankruptcy Rule 3001 governs the filing of proofs of claim. Bankruptcy Rule 3001(a) provides that

(a) A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

Bankruptcy Rules 3001 and 3002 require that a proof of claim be filed within a specified period of time. In order to prevent the harsh result that can occur when a creditor misses a claims bar date, the courts have developed the doctrine of the "informal proof of claim".

[I]n an effort to ameliorate what is perceived as a harsh result of strict enforcement of a bar date, courts have deemed something other than a proof of claim to be an 'informal proof of claim' which may be amended. An informal proof of claim is something which is not, and was not intended to be, a proof of claim.... Thus, an objection to confirmation of a debtor's chapter 13 plan, a cross-complaint seeking relief from the automatic stay, a complaint objecting to discharge, a disclosure statement filed by a creditor in support of its plan, a motion for a valuation hearing under section 506 of the Code, a complaint initiating an adversary proceeding, a motion to set aside an order (with an attached security agreement), a motion for relief from stay, correspondence between the creditor's attorney and the trustee and court clerk, mailing of invoices evidencing

---

1. The Motion to Disallow Claim was filed in Adversary Proceeding 96–272, rather than in the underlying bankruptcy case, 95–9829–RLB–7. A motion to disallow claim would typically be filed in the bankruptcy case, rather than in an adversary proceeding. The Court will consider the merits of the Motion to Disallow Claim, regardless of its filing location.

the debt to the debtor, a creditor's written objection to the sale of real property, and even the filing of pleadings in an arbitration proceeding or in a related lawsuit have all been held sufficient, in some cases, as 'informal claims' to support 'amendment' to comply with Rule 3001.

9 *Collier on Bankruptcy,* paragraph 3001.06(1) (citations omitted).

For a document to constitute an informal proof of claim, "it must make explicit demand showing the nature and amount of the claim against the estate, and must evidence an intent to hold the estate liable". *In re Harper,* 138 B.R. 229, 234 (Bankr.N.D.Ind. 1991). The Seventh Circuit has recognized, in dicta, the doctrine of the informal proof of claim. *Matter of Plunkett,* 82 F.3d 738 (7th Cir.1996) (bankruptcy trustee conceded that letter containing information necessary for informal proof of claim, should be treated as an informal proof of claim).

Several courts have held that the filing of a document with the bankruptcy court, such as a complaint objecting to discharge, can constitute an informal proof of claim. *See, e.g., Hatzel & Buehler, Inc. v. Station Plaza Assoc.,* 150 B.R. 560 (Bankr.D.Del.1993) (contractor's counterclaim against chapter 11 debtor-subcontractor, in adversary proceeding initiated by debtor, satisfied requirements for an informal proof of claim); *Matter of Scott,* 67 B.R. 1011 (Bankr.M.D.Fla. 1986) (complaint objecting to discharge and objection to confirmation constitute an informal proof of claim); *In re Sherret,* 58 B.R. 750 (Bankr.W.D.La.1986) (adversary complaint constitutes informal proof of claim); *In re Sullivan,* 36 B.R. 771 (Bankr.E.D.N.Y. 1984) (complaint objecting to discharge and objection to confirmation in chapter 13 constitute an informal proof of claim). Compare *In re Malkove & Womack, Inc.,* 134 B.R. 965 (Bankr.N.D.Ala.1991) (counterclaim in adversary proceeding was not informal proof of claim because it was filed after claims bar date).

Having reviewed the facts and case law before the Court, it is the conclusion of the Court that the filing of the Adversary Complaint by the Creditor in July of 1996, constituted the filing of an informal proof of claim. The Adversary Complaint describes the nature of the claim, *i.e.,* an effort to determine the dischargeability of a default judgment against the Debtor. The Adversary Complaint unequivocally recites the amount of the claim, *i.e.,* $951,136.98, with interest. Finally, the Adversary Complaint unambiguously evidences an intent to hold the Debtor liable for the claim.

The Adversary Complaint sets out all the information required by Bankruptcy Rule 3001, and was filed prior to the Claims Bar Date. The Court will accordingly treat the Adversary Complaint as an informal proof of claim. The proof of claim filed by the Creditor on December 29, 1997, relates back to the Adversary Complaint, and is a permissible amendment to the Creditor's timely-filed informal proof of claim. Based on the foregoing, the Debtor's Motion to Disallow Claim should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion to Disallow Claim be, and hereby is, DENIED. The proof of claim filed by the Creditor on December 29, 1997, is hereby DEEMED to be timely, as relating back to the informal proof of claim filed by the Creditor on July 8, 1996, in the form of the adversary complaint that initiated Adversary Proceeding 96–272.