**In re William S. WIGODA.**

**Bankruptcy No. 92–B–25266.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 3, 1999.

Rosemarie Guadnolo and David Poindexter of Horvath & Lieber, Chicago, Illinois, for movant.

Joel A. Schechter, Chicago, Illinois, respondent/trustee.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the court pursuant to Horvath & Wigoda and John F. Horvath's ("Creditors") motion for allowance of a claim or leave to amend a claim against the estate of William S. Wigoda ("Estate"). The Creditors rely upon their

1. Unless otherwise stated, all statutory references are to the Bankruptcy Code, 11 U.S.C.

filing of an adversary complaint and the judgment render thereon as a valid claim on the Estate. Alternatively, they contend that because they had been in contact with the case trustee and had participated in the bankruptcy proceedings, that this participation should be deemed an informal proof of claim and they should be granted leave to amend the informal claim as a proof of claim. The trustee contends that neither the adversary proceeding nor the Creditors participation in the bankruptcy is an informal proof of claim and to allow a proof of claim as large as the Creditors' would reduce the dividend payable to the other unsecured creditors to a negligible amount. After reviewing the briefs of the parties and the case law, the motion is denied.

## FACTS

On November 12, 1992, William Wigoda ("Debtor") filed a voluntary petition under Chapter 7 of the Code.[1] On March 8, 1993, the Creditors filed an adversary complaint against the Debtor seeking a debt to them be declared nondischargeable under § 523. After the Debtor failed to appear at trial the court entered a judgment, on August 12, 1994, totaling $421,181.17 for the Creditors and against the Debtor and declared the debt nondischargeable. In February of 1998, the Creditors received notice of the trustee's final report and informed him that no bar date had been set for filing proofs of claim. At the Creditors request, the trustee set a bar date and scheduled a new hearing on the final report for a date after the bar date. After the new bar date was set, the trustee filed an amended final report. At the hearing on the amended final report, the Creditors again objected because they alleged they had no notice of the bar date and were not listed as a claimant for distribution. Throughout the proceedings, however, the Creditors never filed a proof of claim. They now seek

§§ 101 – 1330.

leave to either have their adversary proceeding deemed a proof of claim or their participation in the bankruptcy case deemed an informal proof of claim which can be amended to a proof of claim.

## DISCUSSION

The informal proof of claim is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date. *Electronic Sneak Preview, Inc. v. Scott* (*In re Scott*), 227 B.R. 832 (Bankr.N.D.Ind.1998); *Houbigant, Inc. v. ACB Mercantile, Inc.* (*In re Houbigant, Inc.*), 190 B.R. 185 (Bankr.S.D.N.Y. 1995). To be an informal proof of claim a document must (1) have been timely filed with the bankruptcy court and become part of the record, (2) state the existence and nature of the debt, (3) state the amount of the claim, and (4) evidence the creditor's intent to hold the debtor liable. *Id.* at 187 (citations omitted); *Biscayne 21 Condominium Ass'n Inc. v. South Atlantic Fin. Corp.* (*In re South Atlantic Financial Corp.*), 767 F.2d 814 (11th Cir.1985). Even though a - bankruptcy court, trustee, or debtor may know of the existence of a claim, mere knowledge is not sufficient to elevate a claim to a proof of claim. *In re Wilkins*, 731 F.2d 462 (7th Cir.1984). An adversary complaint can be an informal proof of claim.[2] *In re Scott*, 227 B.R. at 834. An informal proof of claim may then become the basis for an amended proof of claim. *In re Plunkett*, 82 F.3d 738 (7th Cir.1996) citing *Wilkens v. Simon Bros. Inc.*, 731 F.2d 462 (7th Cir.1984).

The Creditors contend that their adversary proceeding should be deemed an informal proof of claim and they should now be allowed to amend that claim to receive a dividend from the Debtor's estate or alternatively that their contact with the trustee and participation in the case should be deemed an informal proof of claim. The trustee argues that the Creditors had a duty to file a proof of claim, which they did not do, thus they should not share in distributions from the estate.[3] The trustee further argues that the actions taken by the Creditors do not meet the requirements to become an informal claim.

Whether an informal proof of claim should be allowed is an equitable determination by the Bankruptcy Court. *In re Scott*, 227 B.R. 832 (Bankr.N.D.Ind. 1998); *In re Houbigant, Inc.*, 190 B.R. 185 (Bankr.S.D.N.Y.1995). This court cannot allow the Creditors participation in this case to be deemed an informal proof of claim. The creditors do not provide any cases, and this court has not found any, that provide that mere participation in a bankruptcy case is adequate to qualify as an informal proof of claim. *See In re South Atlantic Fin. Corp.*, 767 F.2d 814 (11th Cir.1985) (reviewing cases which find that merely telephoning the trustee in bankruptcy or where trustee had knowledge of district court litigation between the parties but neither party had apprised the bankruptcy court of the litigation are not sufficient to become an informal proof of claim) (citations omitted). The Creditors cite *In re Pizza of Hawaii, Inc.*,[4] for the proposition that bankruptcy courts have the equitable authority to determine whether an informal proof of claim exists based on the evidence presented before it. However, in that case, the creditor filed documents with the bankruptcy court, they did not rely solely on their participation in the bankruptcy case. The same is true of the other case cited by the Creditors, *In re Sambo's Restaurants, Inc.*[5] As evidenced

---

**2.** It should be noted that an adversary complaint can only stand as an informal proof of claim if it is filed prior to the bar date.

**3.** The Trustee is joined by Mr. Leasing Corporation, a creditor of the estate, in objecting to the Creditors' motion.

**4.** *Pizza of Hawaii, Inc. v. Shakey's, Inc.* (*In re Pizza of Hawaii, Inc.*), 761 F.2d 1374 (9th Cir.1985).

**5.** *Sambo's Restaurants, Inc. v. Wheeler* (*In re Sambo's Restaurants, Inc.*), 754 F.2d 811 (9th Cir.1985).

by the *In re Scott* and *In re Houbigant, Inc.* factors, an informal claim requires a writing that is filed with the court. *But see In re Plunkett*, 82 F.3d 738 (7th Cir. 1996) (allowing letter to trustee in Chapter 11 case to stand as an informal proof of claim because trustee agreed it was an informal proof of claim and it met the other requirements of an informal proof of claim). The Creditors participation alone cannot justify a finding of an informal proof of claim.

■ The Creditors adversary complaint coupled with their active participation in the bankruptcy case cannot stand as an informal proof of claim either. It cannot be seriously contested that the requirements for an informal proof of claim have not been met. The adversary complaint and judgment are sufficient to show the amount of the claim and that the Creditors are seeking payment from the Debtor and the Estate. However, the Creditors have been consistently tardy in filing the appropriate documents with the court whether it be a proof of claim or responsive briefs on whether or not their adversary complaint and participation in the bankruptcy should be allowed as an informal proof of claim.[6] At the hearing on the trustee's final report, the Creditors notified the trustee that no bar date had been set. At that time it was clear that there was to be a distribution from the estate. However, instead of filing a proof of claim, the Creditors waited until the hearing on the amended final report to reassert their right to be paid.

■ The Creditors argue that they never received notice of the bar date from the Clerk of the Court so it would be unfair to disallow their claim. This alludes to an argument that the Creditors were deprived of their due process rights because they never received notice. This argument is unpersuasive. A denial of receipt is not sufficient to rebut a presumption that proper notice was given. *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730 (5th Cir.1995). Mailing a notice by First Class U.S. Mail to the last known address of the creditor is sufficient to satisfy the requirements of due process. *Id.* at 736. The Creditors have put forth no allegations that the notice was not sent. Further, the Creditors admit that they have received other notices from the Clerk of the Court. Accordingly, there can be no finding that the notice of the bar date was not served upon the Creditors and hence no finding that the Creditors were denied due process.[7]

Moreover, there was no reason to wait for the notice of a bar date. The more prudent course of action would have been to file the proof of claim immediately after the hearing on the trustee's final report when the trustee agreed to have a bar date set. If the Creditors were as involved in this case as the allege in their pleadings, they could very easily have determined the claims bar date by simply asking the trustee. They obviously chose not to take that course of action and instead chose to rely on this court granting their requested relief.

The Creditors failed to file their proof of claim not once, but twice. Their first missed opportunity arose prior to the hearing on the trustee's original final report. The second opportunity arose after they objected to the final report and the trustee agreed to have a bar date set. Allowing the Creditors to have three bites at the apple would be prejudicial to those

---

6. The Creditors contend that the original date for their reply memorandum was March 16, 1999, which was moved to April 5, 1999. This, they contend, although they had over two additional weeks to file the reply brief, presented a scheduling problem so they requested leave to late file their reply brief.

The brief was filed with the court on April 20, 1999.

7. It is also the responsibility of each party to review the bankruptcy docket. The Creditors knew a bar date would be set, yet refused to check the docket to determine that date.

creditors that properly filed their proofs of claim and are waiting for their distribution from the estate.

Allowing the adversary complaint to serve as an informal proof of claim and granting leave to amend would prejudice the creditors of the estate by reducing the dividend from the estate. *See In re Hall,* 218 B.R. 275 (Bankr.D.R.I.1998) *citing Gens v. Resolution Trust Corp.,* 112 F.3d 569 (1st Cir.1997) (holding that amendment must not result in unfair prejudice to unsecured creditors). One of the creditors has joined in the trustee's objection to allowing the informal proof of claim arguing that the dividend would be unfairly reduced if this claim were allowed. The trustee's current distribution to unsecured creditors is approximately 33%. To allow the Creditors' claim would reduce the dividend to a fraction of the current 33%.[8] A reduction of the dividend by such a large percentage is prejudicial to the creditors and cannot be allowed.

Lastly, the Creditors are not prejudiced by the failure of this court to accept their informal proof of claim. The underlying basis for their informal proof of claim request is a judgment of nondischargeability against the Debtor. The Creditors now have the right to recover from the Debtor through any means legally available. The only party who might be prejudiced may be the Debtor because he now has a creditor whose nondischargeable debt will receive no distribution from the estate thus increasing his obligation. But, the Debtor has filed no documents with this court asserting his position and this court will not provide him with any arguments.

For the reasons set forth above, the motion to allow an informal proof of claim or leave to amend the claim is denied.

---

**8.** The trustee does not provide any information on what the new dividend would be ex- cept that it would be "negligible."