**In the Matter of David Burr FINK, Debtor.**

**No. 03–15247.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 15, 2007.

Robert L. Nicholson, Beckman Lawson LLP, Fort Wayne, IN, for Plaintiff.

Mark A. Warsco, Fort Wayne, IN, for Defendant.

## DECISION ON OBJECTION TO CLAIM

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court in connection with the trustee's objection to a proof of claim filed by Janie Fink. The trustee argues that Ms. Fink's claim was filed after the deadline for doing so had passed and so should be paid only after all timely claims have been paid in full. *See,* 11 U.S.C. §§ 502(b)(9), 726(a)(3). Ms. Fink argues that her claim, although admittedly belated, should be treated as timely because her formal proof of claim constitutes an amendment to an "informal proof of claim" which was filed before the bar date; thus, it relates back to the earlier date. The relevant facts have been stipulated and both parties have filed motions for summary judgment.

The deadline for filing claims in this Chapter 7 case expired on August 11, 2004. Both Janie Fink, who is the debtor's ex-wife, and her counsel received appropriate notice of that deadline. On August 12, 2004—one day after the deadline passed— Ms. Fink's counsel filed a claim on her behalf for more than $3,200,000. Because it was filed after the bar date had passed, the trustee has objected to Ms. Fink's claim and, pursuant to § 726(a)(3), has asked that any distribution it might receive be subordinated to the full payment of all timely filed claims. In response, the creditor's current counsel argues that an adversary proceeding, as well as a motion for relief from stay and abandonment, which had been filed on Ms. Fink's behalf before the expiration of the claims bar date, constitute an informal proof of claim and that her late claim should be viewed as an amendment of those earlier filings. As such, it should relate back to the date they were first submitted and becomes timely.

The court has no equitable power to allow late claims except under the circumstances specified by the Bankruptcy Code and the applicable rules of procedure. *Matter of Greenig,* 152 F.3d 631, 635 (7th Cir.1998). A creditor that has notice or knowledge of the case in time to file a timely proof of claim and fails to do so will have its claim denied, 11 U.S.C. § 502(b)(9), or, in cases under Chapter 7, subordinated to the full payment of all timely claims.[1] 11 U.S.C. § 726(a)(3). Be-

---

1. In cases under Chapter 11, the court has the ability to allow claims which, due to excusable neglect, have not been timely filed. Fed. R. Bankr.P. Rule 3003(c)(3), 9006(b)(1). That opportunity is not available for untimely claims filed in cases under Chapters 7, 12, or

13. *See,* Fed. R. Bankr.P. Rule 3002(c), 9006(b)(3). *See also, Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993).

cause of this creditors that failed to file a timely proof of claim often contend that their claim is not really late and should be treated as though it were timely. They argue that some earlier submission constitutes an "informal proof of claim" which was subsequently "amended" by the proof of claim actually filed, with the result that the "amended claim" relates back to the date of the earlier filing and is, therefore, timely. *See e.g., In re M.J. Waterman & Associates, Inc.* 227 F.3d 604, 608 (6th Cir.2000); *In re Wigoda,* 234 B.R. 413, 415 (Bankr.N.D.Ill.1999); *In re Scott,* 227 B.R. 832 (Bankr.S.D.Ind.1998).

■ The concept of an "informal proof of claim is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date." *Wigoda,* 234 B.R. at 415. Its purpose is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts [sic] all parties on sufficient notice that a claim is asserted by a particular creditor. *Waterman & Associates,* 227 F.3d at 609 (quoting *In re WPRV–TV, Inc.,* 102 B.R. 234, 238 (Bankr.E.D.Okla.1989)).

Whether or not an otherwise untimely claim will be allowed to relate back to the date of an earlier informal claim is a matter committed to the court's discretion. *Waterman & Associates,* 227 F.3d at 607; *Matter of Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992).

Given the equitable origins for the concept of an informal claim, a strict application of the Seventh Circuit's holding in *Greenig*—that the court does not have the equitable power to allow a late-filed claim outside the exceptions contained in Rule

3002(c), *Greenig,* 152 F.3d at 635—would seem to foreclose further consideration of the issue. Nothing in Rule 3002(c) even alludes to the concept of an informal claim, or to an amendment to a claim relating back to an earlier date. Instead, the court's ability to enlarge the time for filing a proof of claim is permitted "only to the extent and under the conditions" stated in that rule, Fed. R. Bankr.P. Rule 9006(b)(3), none of which apply here. While the concept of an amendment to a claim relating back to an earlier date is congruent with Rule 15(c) of the Federal Rules of Civil Procedure—Bankruptcy Rule 7015—and, at least to some extent, seems to arise out of that rule, *see, Matter of Plunkett,* 82 F.3d 738 (7th Cir.1996); *Stavriotis,* 977 F.2d 1202; *Matter of Unroe,* 937 F.2d 346 (7th Cir.1991), Rule 15 does not apply to contested matters such as claims proceedings. Fed. R. Bankr.P. Rule 9014. Furthermore, using Rule 15 to authorize belated claims would seem to run afoul of the restrictions imposed by Bankruptcy Rules 9006(b)(3) and 3002(c). It is a bit odd to think that the court could use its discretion to apply Rule 15 to contested matters involving late claims and then, through the discretionary application of that rule, do something that Rules 9006(b)(3) and 3002(c) prohibit. One might just as well drop the pretense and simply say the court has the discretion to allow late claims, so long as a creditor can come forward with a satisfactory reason for doing so.

■ Despite the foregoing observations, the Seventh Circuit has previously recognized the concept of an informal claim, *Wilkens v. Simon Brothers, Inc.,* 731 F.2d 462, 464–65 (7th Cir.1984); *In re Pacific Lumber & Fuel Co.,* 194 F.2d 995 (7th Cir.1952), and it has validated the bankruptcy court's use of that equitable doctrine to salvage otherwise untimely claims.

*Unroe*, 937 F.2d at 349–51. Nonetheless, it has never established any guidelines that would assist the court in determining what constitutes an amendable informal proof of claim. *In re Harper*, 138 B.R. 229, 243 (Bankr.N.D.Ind.1991). Instead, it has either accepted the parties' agreement that something constitutes such a claim and decided the issue on other grounds, *see, Plunkett*, 82 F.3d at 740; *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029, 1031 (7th Cir.1984), or remanded the case to the bankruptcy court to determine whether the doctrine might apply. *See, Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 464–65 (7th Cir.1984). It has also issued decisions holding that something does not constitute an informal proof of claim, without elaborating on what such a claim might be. *In re Outboard Marine Corp.*, 386 F.3d 824, 828–29 (7th Cir.2004) (proof of claim faxed to trustee's counsel was not an informal claim); *Matter of DeVries Grain & Fertilizer, Inc.* 12 F.3d 101, 103 (7th Cir.1993) (request for administrative expense in a Chapter 11 case did not constitute an informal claim). Then there are decisions, such as *Greenig*, that would seem to be highly critical of the concept. *See also, Plunkett*, 82 F.3d 738; *Stavriotis*, 977 F.2d at 1206–07. Furthermore, in discussing late claims generally and the amendment of timely formal proofs of claim, the circuit has clearly indicated that post-bar date attempts to assert a claim against the estate are frowned upon "and should generally be barred." *Unroe*, 937 F.2d at 351. *See also, Plunkett*, 82 F.3d at 741. The cumulative effect of these decisions leads the court to conclude that it should approach the concept of an informal proof of claim with a degree of caution.

Reading the reported decisions concerning informal claims can quickly lead one to the conclusion that it is a doctrine in need of some discipline or at least clarification. The decisions are not consistent. For every decision which comes to the conclusion that something constitutes an informal proof of claim, one can easily find another saying that it does not. *See e.g., In re Charter Co.*, 876 F.2d 861, 864–65 (11th Cir.1989)(motion for relief from the automatic stay constitutes an informal proof of claim); *In re Anchor Resources Corp.*, 139 B.R. 954 (D.Colo.1992)(motion for relief from stay does not constitute an informal proof of claim); *In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y.1986)(objection to confirmation is an informal proof of claim); *In re Stewart*, 46 B.R. 73 (Bankr.D.Or.1985)(objection to confirmation is not an informal proof of claim); *In re Scott*, 67 B.R. 1011, 1013 (Bankr.M.D.Fla.1986)(complaint objecting to discharge and objection to plan constitute informal proof of claim); *In re Holzer*, 5 Bankr.Ct. Dec. (CRR) 19, 20 C.B.C. 227 (Bankr.S.D.N.Y.1979)(dischargeability complaint may not be used as an informal claim). Given that the issue is a matter committed to the court's discretion, these disparities may not be too surprising: the possibility that two judges looking at similar facts might come to different conclusions is inherent in the nature of discretionary choices. *U.S. v. Williams*, 81 F.3d 1434, 1437 (7th Cir.1996).

More troubling than the differing conclusions judges might reach in individual cases, is the fact that the reported decisions are not consistent as to the legal standard used to determine whether something constitutes an informal proof of claim which can subsequently be amended. Some courts have identified five considerations, *see, In re American Classic Voyages Co.*, 405 F.3d 127, 130–32 (3rd Cir.2005); *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir.1992), others have less. *In re Hansel*, 160 B.R. 66, 71 (Bankr.S.D.Tex.1993) (two requirements); *Matter of Burrell*, 85 B.R. 799, 801 (Bankr. N.D.Ill.1988) (two requirements); *In re*

*Mitchell,* 82 B.R. 583, 586 (Bankr. W.D.Okla.1988) (three requirements); *Wigoda,* 234 B.R. at 415 (four requirements). While some say the informal claim must contain a reference to the amount due, others say this is not necessary. *Compare, In re Basche–Sage Hardware Co.,* 56 B.R. 3 (Bankr.D.Or.1985)(requiring the writing to state the amount due), *with In re Claremont Towers Co.,* 175 B.R. 157 (Bankr.D.N.J.1994)(informal proof of claim need not set forth amount due). About the only thing the reported decisions seem to agree upon is that an informal claim must be in writing. They do not, however, agree upon whether that writing must be filed with the Bankruptcy Court. *Compare, In re Haugen Const. Services, Inc.,* 876 F.2d 681 (8th Cir.1989)(letter sent to the trustee was an informal claim), *with In re Whitaker Const. Co., Inc.,* 439 F.3d 212 (5th Cir.2006)(writing must be filed with the bankruptcy court). This has led one commentator to conclude that "what will qualify as an 'informal proof of claim' is thus unclear." 9 Collier on Bankruptcy ¶ 3001.05[1] (15th ed. rev.2006).

The lack of clarity concerning informal claims may promote litigation involving untimely claims. The doctrine has been applied in so many ways that just about any result can be justified by some reference to existing case law. Consequently, it is not possible to evaluate the likely success of the argument in any particular situation. The best that can be said is that either party's arguments might be successful: so the creditor may as well try because it has nothing to lose and the objector may as well try because it is just as likely that it might win.

In an effort to bring some order to the confusion over what constitutes an informal claim, the court finds it helpful to review the earliest decisions dealing the issue because understanding how the doctrine arose can lead to a better understanding of how it should actually be used. The original decisions discussing claims relating back to an earlier event were issued in connection with post-bar date attempts to correct errors or defects associated with a creditor's attempt to actually file a claim against the estate. *See, Hutchinson v. Otis, Wilcox & Co.,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903) (claim "defective"); *In re Roeber,* 127 F. 122, 123 (2nd Cir.1903) (claim "inartificially drawn"); *In re Kessler,* 184 F. 51, 53 (2nd Cir.1910) (claim "defective" and "inartificially drawn"); *In re Patterson–MacDonald Shipbuilding Co.,* 293 F. 190 (9th Cir.1923) (letter "intended as a claim against estate"); *Globe Indemnity Co. of Newark, N.J. v. Keeble,* 20 F.2d 84, 86 (4th Cir.1927) ("defective in form"); *In re Drexel Hill Motor Co.,* 270 F. 673 (E.D.Penn.1921) ("informal proof presented"). Thus, it might be more appropriate to say that the courts were dealing with defective claims. Despite this beginning, the principle quickly expanded and was applied "with the greatest liberality" to the point that "anything in the record" showing the creditor was owed money could suffice an as amendable claim. *See, Scottsville National Bank v. Gilmer,* 37 F.2d 227, 229 (4th Cir.1930); *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir.1970) (citing, 3 Collier on Bankruptcy ¶ 57.11(3), p. 186 (14th ed.)); *In re Faulkner,* 161 F. 900, 903 (8th Cir.1908) ("it matters not what the paper was … styled"); *In re Fant,* 21 F.2d 182, 183 (W.D.S.C.1927). The development prompted another commentator to observe: "There have been some surprisingly broad decisions in this field, permitting amendments which amount to sanctioning nunc pro tunc filing." 2 *Remington on Bankruptcy,* § 753, p. 180 (1956).

In light of its origins, it seems that the history of the informal claim doctrine can

be characterized as beginning with a relatively narrow equitable exception which was allowed to grow well beyond its original boundaries. It has become so expansive that it can comfortably be called upon in almost any set of circumstances in an effort to salvage an otherwise untimely proof of claim. Yet, if the liberal, "anything in the record" approach is the correct one, it is very difficult to understand how a preconversion request for an administrative expense, which was approved by the court but never memorialized by an order, does not constitute an amendable, informal claim. *See, DeVries Grain,* 12 F.3d 101. In the court's opinion, the doctrine is sorely in need of pruning in order to bring some clarity to its proper application and usage.

 Reviewing the origin, the growth, the confusion and the litigation spawned by informal claims persuades the court that the concept "should be tethered rather closely to its roots." *In re Harris,* 341 B.R. 660, 664 (Bankr.N.D.Ind.2006). Doing so will ease the tension between the elasticity of informal claims and the more rigid claims structure set out in the Bankruptcy Code and rules of procedure. It will also reduce the uncertainty and the unpredictability as to what constitutes an informal proof of claim and the doctrine's tendency to increase rather than diminish litigation. Such an approach is consistent with the original purpose of the doctrine and the Seventh Circuit's concept of an informal proof of claim as an "incomplete proof of claim." *Matter of Stoecker,* 5 F.3d 1022, 1028 (7th Cir.1993). It is also consistent with the circuit's numerous cautionary remarks made in connection with discussing both late claims and amendments to claims. *Greenig* held that the court has no equitable authority to allow late claims, *Greenig,* 152 F.3d at 631, and even when the circuit has discussed the scope of permissible amendments to timely claims, it has warned that the expiration of

the claims bar date is a significant event; that post-bar date efforts at amendment should be viewed with caution and rarely allowed. *Plunkett,* 82 F.3d at 741; *Holstein v. Brill,* 987 F.2d 1268, 1270–71 (7th Cir.1993). If the court is to be wary of post-bar date amendments to timely formal proofs of claim, it seems that it should be even more cautious with post-bar date attempts to amend something characterized as an informal claim. Finally, a narrower, more cautionary approach to the issue is also consistent with the Supreme Court's recent admonitions that exceptions to general principles should be construed narrowly and should not be allowed to expand beyond their original purpose. *See, Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)(narrowing the growth of the *Rooker–Feldman* doctrine); *Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006)(restricting the expansion of the probate exception to federal jurisdiction).

 Trimmed back to something more closely approximating the doctrine's original shape, an informal proof of claim is a defective claim. In other words, it is an effort to assert a claim against the bankruptcy estate which, usually for technical reasons, fails to fulfill the required formalities. *American Classic Voyages,* 405 F.3d at 132; *Waterman & Assoc.,* 227 F.3d at 608–09; *Stoecker,* 5 F.3d at 1028. It should not be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along. This is especially so when the filings have been made by sophisticated law firms and experienced bankruptcy practitioners. It is one thing to treat filings made by pro se creditors who may not understand the bankruptcy process with a degree of latitude—in precisely the same

way that the pleadings filed by pro se litigants are broadly construed so as to preserve the controversy for a disposition on the merits. It is quite another thing, however, when those filings come from attorneys. *Outboard Marine,* 386 F.3d at 828. They are held to a higher standard. *See, Matter of Maurice,* 69 F.3d 830, 834–35 (7th Cir.1995). Attorneys, particularly experienced bankruptcy practitioners, are expected to know the difference between motions and objections and adversary proceedings and claims, and they are expected to file the appropriate thing at the appropriate time.

This approach is entirely consistent with the purpose behind amendments, one of which "is to cure a defect in the claim as originally filed...."[2] *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985). Before one can conclude that a particular thing suffers from a defect that can be corrected, one must first know what that thing is striving to be. Something designed to be an automobile should not be characterized as a defective airplane, even though both may have wheels, an engine and some type of passenger compartment. The same should be true for claims. A permissible amendment must begin with the proposition that the avowed purpose of the original submission was an attempt to file a proof of claim; if so, then deficiencies or shortcomings in the original filing may be corrected. The court should not begin with a filing that was consciously designed to serve one purpose and then find within that document a different purpose altogether, thereby legitimizing an otherwise untimely claim.

Properly confined, the informal claim doctrine can be applied liberally in order to honor the substance of the creditor's actions—the genuine attempt at filing a proof of claim—rather than allowing technical details of form to thwart the effort. Nonetheless, as one moves beyond this area of primary focus the court should be more critical and circumspect. In doing so, it is entirely possible to honor substance over form and yet still recognize that the substance of a particular thing may be exactly what it purports to be and nothing more. *In re Hotel St. James Co.,* 65 F.2d 82, 83 (9th Cir.1933). Then, any similarity between that submission and a proof of claim is nothing but a happy coincidence, which, quite conveniently, allows the creditor to argue that a filing made for one purpose is really something entirely different.

■ Prior to the bar date, neither Janie Fink nor her counsel filed anything remotely approaching, or attempting to be, a proof of claim—defective or otherwise. Instead, her former counsel filed a motion for relief from stay and abandonment and a complaint asking the court to declare that the debtor's obligation to her constituted a non-dischargable debt. As Freud is reputed to have said: "Sometimes a cigar is just a cigar." The same can be said for Ms. Fink's filings. They are what they purported to be—a motion for relief from stay and abandonment and a complaint to determine dischargeability—and nothing more. They do not qualify as an informal proof of claim.

Even if the court takes a somewhat broader approach to Ms. Fink's filings they still fail to qualify as an informal claim. Ms. Fink argues that an informal claim exists anytime a creditor makes a filing which asserts a claim against the debtor and an intent to hold the debtor liable. If this is the proper standard then what was filed might satisfy the require-

---

**2.** The other purposes of an amendment—to describe the claim with greater particularity or plead a new theory of recovery based on the original facts—are not implicated by informal claims.

ments of an informal proof of claim. Whether separately or together those two documents do indicate that the creditor is owed something by the debtor and that the debtor should continue to be responsible for fulfilling that obligation. Indeed, the court cannot imagine any other purpose for dischargeability litigation than the creditor's desire to continue to hold the debtor responsible for the debt.

Although some courts do articulate the concept of an informal proof of claim in just the way the creditor has phrased it, that approach is wrong. It fails to distinguish between the debtor and the bankruptcy estate. They are two very different things and the desire to assert a claim against the one is not the same as asserting a claim against the other. The cases that use the formulation Ms. Fink relies upon often (although not always) arise in cases pending under chapter 11, 12 or 13.[3] *See e.g. Sambo's Restaurants*, 754 F.2d at 815 (chapter 11); *Charter Co.* 876 F.2d at 863–64 (11th Cir.1989)(chapter 11); *Harper*, 138 B.R. at 243 (chapter 13). There, the debtor is allowed to remain in possession of the bankruptcy estate and has the responsibility for fulfilling most, if not all, the duties of the trustee. As a result, it can be easy to lose sight of the distinction and the two concepts can become blurred. *See e.g., Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1381 (9th Cir.1985) (joinder of Chapter 11 debtor evidenced intent to hold estate liable). Indeed, some decisions seem to use the terms interchangeably. *See, Anderson–Walker Industries*, 798 F.2d at 1287 ("hold the debtor liable"), 1288 ("hold the estate liable")(9th Cir. 1986); *In re Bargdill*, 238 B.R. 711, 718 (Bankr.N.D.Ohio 1999).

If we are going to talk about claims, and whether a claim is being asserted against anyone, we should be careful to recognize the distinction between the debtor and the bankruptcy estate. The debtor is the entity that is the subject of the bankruptcy proceeding, 11 U.S.C. § 101(13), while the estate consists of the property from which a distribution to creditors will ultimately be made. 11 U.S.C. § § 541, 726. Consequently, a more appropriate formulation, and one which is used by many courts, is to ask whether the document which is urged to be an informal proof of claim makes a demand upon the *estate* and expresses an intent to hold the *estate* liable. *See e.g., In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir.1992); *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir.1979); *In re Mitchell*, 82 B.R. 583, 586 (Bankr.W.D.Okla.1988). *See also, International Horizons*, 751 F.2d at 1217. Indeed, that is precisely the formulation used by some of the earliest decisions discussing the issue. *In re Thompson*, 227 F. 981, 983 (3rd Cir.1915); *In re Ragan*, 2 F.2d 785, 786 (1st Cir.1924); *Hotel St. James*, 65 F.2d at 83; *In re High Point Seating Co.* 181 F.2d 747, 750 (2d Cir.1950) (citing 3 Collier on Bankruptcy, p. 171 (1941 ed.)). Stated another way, one could ask whether the supposedly informal proof of claim asserts a claim against the estate and an intent to share in a distribution of its assets. *Donovan Wire & Iron*, 822 F.2d at 39 (citing *Tarbell v. Crex Carpet Co.*, 90 F.2d 683, 685–86 (8th Cir.1937)). *See also, International Horizons*, 751 F.2d at 1217 ("seek recovery from the estate.").

If the question surrounding an informal proof of claim is does it contain a demand against the estate and indicate an intent to

---

**3.** Although Chapter 7 cases may also use this formulation of the standard, in doing so they often cite to decisions from cases under Chapter 11, 12, or 13. *See e.g., In re Anderson–* *Walker Industries, Inc.*, 798 F.2d 1285, 1287 (9th Cir.1986)(citing *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir.1985)(a chapter 11 case)).

hold the estate liable or a desire to receive payment from the estate through the bankruptcy process, Ms. Fink's filings do not qualify as an informal proof of claim.[4] Instead of reflecting an intent to hold the estate liable for the debt or a desire to share in a distribution from it, those filings indicate that Ms. Fink wanted to be freed from the bankruptcy process in order to collect the amounts due her on her own and that she should continue to have that right notwithstanding the outcome of the bankruptcy and any discharge the debtor might receive. She specifically sought to remove property from the bankruptcy estate so that she could proceed against it free from any claims the estate might wish to assert. This reflects an intent and a desire to be insulated from the bankruptcy process and, in effect, to exempt herself from it. That is the very antithesis of an attempt to hold the estate liable or a desire to receive payment through the bankruptcy process.

The court recognizes that some decisions have held that filings such as those made on Ms. Fink's behalf can constitute informal proofs of claim. Of course, there are also decisions that come to the same conclusion as that reached by this court. To some extent, this difference arises out of the differing legal standard the court has chosen to apply. The court feels, however, that the less flexible standard it has chosen to use is consistent with the Seventh Circuit's more rigorous approach to the issue of amended and belated claims. It is also appropriate to prevent the equitable exception from swallowing the general rule; rendering the claims bar date meaningless. *See, Stavriotis,* 977 F.2d at

1206; *Hoos & Co. v. Dynamics Corp. Of America,* 570 F.2d 433, 439 (2nd Cir.1978). To the extent the court may be applying the same legal standard as others before it and, yet, still have reached a different conclusion, that would seem to represent the permissible outcome of the discretionary judgment call the court is required to make.

The consequences of failing to file a timely proof of claim are not as severe as they once were. Previously, late claims were simply denied. Now, however, at least in Chapter 7 cases, their distribution is subordinated to the full payment of all timely claims. 11 U.S.C. § 726(a)(3). *See also, Outboard Marine,* 386 F.3d at 829. If the assets of the estate are sufficient to fully pay the debtor's other creditors, Ms. Fink will then be in line to receive a distribution on account of her untimely claim.

 Some important points should also be made about the purpose for a proof of claim and the failure to file a timely one. It is only unsecured creditors that need to file proofs of claim and only unsecured creditors that are placed in the distributional queue. *In re Taylor,* 289 B.R. 379, 387 (Bankr.N.D.Ind.2003). Secured creditors are not required to file a proof of claim unless they want to preserve the opportunity for a distribution on account of any unsecured deficiency. *Matter of Burrell,* 85 B.R. at 800. Furthermore, the failure to file a claim does not destroy or eliminate a creditor's interest in property of the estate. *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). Liens remain unaffected by the bankrupt-

---

**4.** Because of this conclusion, the court does not consider other elements often associated with an informal claim, such as whether it is equitable to allow the amendment, *Waterman & Assoc.,* 227 F.3d at 608–09; *American Classic,* 405 F.3d at 131, and the extent to which this does, *Outboard Marine,* 386 F.3d at 829; *Stavriotis,* 977 F.2d at 1205–06, or does not, *Stoecker,* 5 F.3d at 1028, allow the court to consider the effect of the amendment upon other creditors, or the extent to which equitable considerations should even be a factor in the analysis.

cy proceeding unless they are specifically altered by the court, *Matter of Pence,* 905 F.2d 1107, 1109 (7th Cir.1990); so having a claim denied as untimely does not void a secured creditor's lien. 11 U.S.C. § 506(d). *Matter of Tarnow,* 749 F.2d 464 (7th Cir.1984). Consequently, to the extent Ms. Fink may have an interest in property of the bankruptcy estate, whether as the holder of a lien or as a co-owner, that interest is not affected by this decision.

There is no genuine issue of material fact, the trustee's objection is well-taken and will be sustained. An order doing so will be entered.