# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1009

IN RE: OUTBOARD MARINE CORPORATION,

*Debtor.*


APPEAL OF: TRAVIS BOATS & MOTORS,
INCORPORATED, **doing business as**
TRAVIS BOATING CENTER,

*Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 8532—**Milton I. Shadur**, *Judge.*

_____

ARGUED SEPTEMBER 8, 2004—DECIDED OCTOBER 18, 2004

_____


Before BAUER, MANION, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Appellant-Creditor Travis Boats
& Motors, Incorporated ("Travis Boats"), appeals from a
bankruptcy court order that disallowed its claim in the
Outboard Marine Corporation ("OMC") Chapter 7 bank-
ruptcy proceeding for failure to timely file a proof of claim.
The Notice of Claims Bar Date required creditors to mail
their proofs of claim to a designated post office box so as to
be received by the OMC claims agent by November 15,

2002. Travis Boats faxed its proof of claim to counsel for the OMC bankruptcy trustee on November 15, 2002. The trustee objected to the claim as untimely, and the bankruptcy court sustained the objection, disallowing Travis Boats' claim. The district court affirmed. We affirm the bankruptcy court's conclusion about the timeliness of Travis Boats' claim, but we reverse the court's decision to disallow the claim.

## I.  Background

On December 22, 2000, the OMC debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On August 20, 2001, the cases were converted to a Chapter 7 liquidation, and a trustee was appointed on August 24, 2001. The trustee subsequently determined that a distribution to OMC's general unsecured creditors was possible, and sought authority from the bankruptcy court to fix a claims bar date. On July 16, 2002, the bankruptcy court set a claims bar date of November 15, 2002 ("Bar Date"), and approved the Notice of Bar Date.

Because the trustee anticipated a significant number of claims, he sought the bankruptcy court's permission to appoint a claims agent. After receiving such permission, the trustee charged the agent with cataloguing the proofs of claim that were received both before and after the agent's appointment. To streamline the claims procedure, the claims agent designated a post office box as the repository for all proofs of claim.

On or about August 15, 2002, the trustee served the Notice of Bar Date on all of OMC's known creditors by first class mail. In the Notice, the trustee informed OMC's creditors about the impending liquidation of OMC's assets, and warned them that they may not be paid on their claims against OMC if they failed to timely file the enclosed proof

of claim form. The Notice also specified the method of transmittal, and emphasized that the claims had to be *received* by the bar date:

File our Proof of Claim by sending it to:

**OMC Claims Agent**

**P.O. Box 560**

**Waukegan, IL 60079-560**

To be timely, all Proofs of Claim must be filed so as to be **RECEIVED** by the OMC Claims Agent on or before the Bar Date. Proofs of Claim are deemed filed only when actually received by the OMC Claims Agent.

Any questions, please call the OMC Claims Agent at (312) 602-2299.

App. 1 (emphasis in original). The phone number listed on the Notice automatically connected to a voicemail message system, where the messages would be retrieved by counsel for the trustee. The OMC claims agent received more than 5300 proofs of claim asserting claims against OMC in excess of $3.5 billion.

On the Bar Date, Travis Boats mailed a proof of claim in the amount of $1,138,216.90 to the OMC claims agent at the address provided on the Notice. That claim was received by the OMC claims agent on December 9, 2002, and assigned Claim No. 5354. Although the Notice of Bar Date did not provide creditors with a fax number, counsel for Travis Boats also transmitted by facsimile a duplicate of Claim No. 5354 to counsel for the trustee on the Bar Date. According to Travis Boats, counsel for Travis Boats was given the fax number when he called the telephone number provided in the Notice and asked for the fax number. Upon receipt of the faxed proof of claim, counsel for trustee mailed it to the OMC claims agent, who received it on November 21, 2002, and assigned Claim No. 5293.

On July 11, 2003, the trustee filed an omnibus objection to numerous claims, including Claim No. 5293 and Claim No. 5354. The trustee objected to the Travis Boats claims as untimely. Travis Boats filed a response to the trustee's objection with respect to Claim No. 5293 (the facsimile proof of claim), but did not oppose the trustee's objection to Claim No. 5354 (the proof of claim transmitted by mail). After a hearing, the bankruptcy court entered an order sustaining the trustee's objection to both of Travis Boats' claims. Travis Boats then filed a motion for reconsideration of the court's order, which the court denied. The bankruptcy court's decision was affirmed on appeal to the district court.

## II. Discussion

On appeal, Travis Boats argues that it complied with the Notice of Bar Date by faxing its proof of claim to the OMC claims agent on the Bar Date. In the alternative, Travis Boats asserts that its faxed claim should be deemed timely pursuant to Rule 5005(c) of the Federal Rules of Bankruptcy Procedure, or that its claim should be characterized as a timely-filed informal claim. In addition, Travis Boats maintains that the courts below erred in disallowing the claim, instead of subordinating the claim under 11 U.S.C. § 726(a)(3).

Appellate courts, like district courts, review a bankruptcy court's legal conclusions *de novo*, but a bankruptcy court's factual findings will be reversed only if clearly erroneous. *See In re Lifschultz Fast Freight*, 132 F.3d 339, 343 (7th Cir. 1997). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

### A. Timeliness of Travis Boats' Proof of Claim

Travis Boats first challenges the bankruptcy court's finding that its proof of claim was untimely, a factual finding that we review for clear error. Travis Boats argues that it complied with the Notice of Bar Date by timely faxing its proof of claim to the OMC claims agent. According to Travis Boats, transmission of its proof of claim by facsimile was appropriate because the Notice did not specify an exclusive method of filing. Travis Boats also maintains that when counsel for Travis Boats called the telephone number listed in the Notice, the person that answered the phone provided him with a fax number and that person did not state that facsimile transmittal was prohibited.

Travis Boats' arguments on this issue are unpersuasive. The Notice of Bar Date only permitted one method of transmittal: claimants were required to mail proofs of claim to a designated post office box so that they would be received by the OMC claims agent by November 15, 2002. The Notice did not provide creditors with a fax number or mention any other possible method of transmittal. Given the lack of ambiguity in the Notice, it was unnecessary to explicitly state that mailing the proof of claim to the designated post office box was the exclusive method of transmittal.

Rather than following the simple instructions contained in the Notice, Travis Boats faxed its proof of claim to counsel for the trustee on the Bar Date. Counsel for the trustee then forwarded the fax to the designated post office box, where it was received by the claims agent on November 21, 2002, six days *after* the Bar Date. Under the plain terms of the Notice of Bar Date, the proof of claim was untimely because the OMC claims agent did not receive the claim at the designated post office box on or before the Bar Date.

Travis Boats' belated telephone call to the OMC claims agent does nothing to change the result. Presumably on or just before the Bar Date, Travis Boats called the telephone

number listed on the Notice, which was automatically connected to a voicemail message system. The caller from Travis Boats somehow reached a human operator, possibly by pressing "0" for the operator, and requested the law firm's fax number in order to fax its proof of claim to the law firm. Travis Boats fails to articulate how this telephone interaction undermines the bankruptcy court's conclusion about the timeliness of its proof of claim. The court-approved Notice of Bar Date governed the filing of claims, and the phone operator at a law firm cannot amend such an order. We find no error in the bankruptcy court's conclusion that Travis Boats' eleventh-hour fax was not a timely-filed proof of claim under the terms of the Notice of Bar Date.

## B. Bankruptcy Rule 5005(c) and Informal Proof of Claim

Travis Boats also advances two equitable arguments in an effort to avoid the effect of its untimely filing. First, Travis Boats claims the benefit of Rule 5005(c) of the Federal Rules of Bankruptcy Procedure, which grants the bankruptcy court equitable discretion to backdate papers like a proof of claim that are "erroneously delivered" to the wrong official in a bankruptcy proceeding. Second, Travis Boats asserts that its facsimile transmission amounted to an informal proof of claim because it stated the existence, nature, and amount of the claim, and because it evidenced Travis Boats' intent to hold OMC liable for its debt. However, Travis Boats waived these arguments by not raising them until its motion for reconsideration. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration . . . are generally deemed to be waived.")

Even if we were to consider Travis Boats' arguments about Rule 5005(c) and the informal proof of claim, we would still affirm the bankruptcy court. Both arguments are premised

on equitable considerations, and the equities militate against Travis Boats in this instance. Perhaps most importantly, Travis Boats has not offered any convincing justification or explanation for its untimely filing. Despite having actual knowledge of the Bar Date and being represented by counsel at all relevant times, Travis Boats failed to timely file its proof of claim. As noted by the district court, Travis Boats' problem is a "self-inflicted wound," and it has no one to blame but itself for this predicament. This is not the case of an unsophisticated claimant confused by complex terms in a bankruptcy notice. Indeed, Travis Boats cannot claim that it did not understand the terms of the Notice because it also mailed a duplicate copy of its proof of claim to the designated post office box, though the claim was mailed on the Bar Date and received after the Bar Date. Moreover, although Travis Boats' $1.1 million claim is a small fraction of the approximately $3.5 billion in claims against OMC, it is not a *de minimis* claim that would have no effect on the payout to the creditors with timely-filed claims. Finally, making exceptions for claimants that do not comply with the requirements of the claims procedure may adversely impact efficient judicial administration in a large bankruptcy like this one, and the bankruptcy court is in the best position to weigh these considerations. For all of these reasons, we reject Travis Boats' invitation to characterize its proof of claim as timely.

## C.  Disallowance of Travis Boats' Claim

Travis Boats' final argument is one that will likely make no practical difference in this bankruptcy proceeding. Under 11 U.S.C. § 726(a)(3), when a proof of claim for an unsecured debt is tardily filed in a Chapter 7 proceeding (with an exception not applicable here), it is subordinated to the timely-filed unsecured claims and the other claims listed in 11 U.S.C. § 726(a)(1) and (2). In this case, the bankruptcy

court disallowed Travis Boats' untimely claim rather than subordinating it. The district court, presumably relying on representations by counsel, ruled that the question of whether Travis Boats' claim should have been subordinated rather than disallowed was moot because OMC's assets will be exhausted by the timely-filed claims. However, at oral argument, counsel for the trustee could not offer us any specific information about OMC's assets in relation to the timely-filed claims, and the record does not provide definitive evidence on this issue. As a consequence, though it may make no practical difference in the end, we reverse the bankruptcy court's decision to disallow the claim, and we hold that Travis Boats' untimely claim is subordinated to the timely-filed claims in accordance with 11 U.S.C. § 726(a)(3).

### III.  Conclusion

For the reasons stated herein, we AFFIRM the bankruptcy court's conclusion that Appellant-Creditor's proof of claim was untimely. However, we REVERSE the bankruptcy court's decision to disallow the proof of claim, and hold that the claim is subordinated to the timely-filed claims.

A true Copy:

      Teste:

                          _____
                          *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*