In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2738

IN RE:

MARCHFIRST, INCORPORATED,

*Debtor,*

APPEAL OF:

AVNET, INCORPORATED

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 6866—**Matthew F. Kennelly**, *Judge.*

ARGUED OCTOBER 21, 2008—DECIDED JULY 17, 2009

Before RIPPLE, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* MarchFIRST, Inc., an Internet consulting company, entered Chapter 7 bankruptcy proceedings in April 2001. Soon thereafter, marchFIRST sent a notice of bankruptcy to its creditors requiring them to file any claims against its estate by 4 p.m. on October 11, 2001. Avnet, Inc., an unsecured creditor of marchFIRST, faxed its proof of claim to the claims agent at 4:43 p.m. on October 11. Andrew Maxwell, the trustee of marchFIRST's estate, objected to Avnet's claim because it was not timely

filed. The bankruptcy court agreed and entered an order sustaining the objection, which the district court upheld. Because Avnet's claim was filed after the deadline, we affirm.

## I. Background

After marchFIRST entered Chapter 7 bankruptcy proceedings, the company mailed a notice of bankruptcy to its creditors. The notice stated that proof of any claims against its estate must be received by the bankruptcy clerk's office by October 11, 2001. The notice listed two addresses where creditors could send their proofs of claim—one address for claims submitted by mail and another for claims submitted by hand or overnight courier. Attached to each notice was a personalized proof-of-claim form that stated in capital letters: "THE ORIGINAL OF THIS PROOF OF CLAIM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE 4:00 P.M., EASTERN TIME, ON OCTOBER 11, 2001."

Avnet received marchFIRST's bankruptcy notice and personalized proof-of-claim form. On October 11, 2001, at 4:43 p.m., Avnet faxed the proof-of-claim form to marchFIRST's claims agent with a cover sheet stating: "Following is our proof of claim in this case. Original will arrive by courier tomorrow morning." As promised, a courier delivered the original the following morning. Nevertheless, Maxwell objected to Avnet's claim because the original proof-of-claim form did not arrive until October 12, one day after the deadline. The bankruptcy court sustained the objection and subordinated Avnet's claim, and the district court affirmed.

## II. Discussion

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Monarch Air Serv., Inc. v. Solow* (*In re Midway Airlines, Inc.*), 383 F.3d 663, 668 (7th Cir. 2004). Avnet argues that its transmission by facsimile was proper because the notice did not expressly forbid submission by fax. Next, Avnet claims that the bankruptcy court should have exercised its discretion under Rule 5005(c) of the *Federal Rules of Bankruptcy Procedure* to deem the claim timely. Finally, Avnet argues that the bankruptcy court should have considered its initial fax as an informal proof of claim and its subsequent delivery of the original form as an amendment to the informal claim. None of Avnet's arguments are persuasive.

Avnet first argues that the bankruptcy court should have accepted its faxed submission because marchFIRST's notice did not expressly forbid claimants from faxing their proof-of-claim forms. The bankruptcy court correctly rejected this argument. MarchFIRST's notice listed two ways—and only two ways—for claimants to submit their claims: by mail or by hand. The notice did not list a fax number as an alternate method of submitting one's claim. In a case with almost identical facts, we held that transmission of proof of claim by fax was inappropriate. *In re Outboard Marine Corp.*, 386 F.3d 824 (7th Cir. 2004). The bankruptcy notice at issue in *Outboard Marine* stated that creditors could file claims by mailing them to the listed address. The claimant instead faxed his proof-of-claim form to the claims agent. We held that

submission by fax was improper because the notice clearly permitted only one method of transmittal. We stated that "it was unnecessary to explicitly state that mailing the proof of claim to the designated post office box was the exclusive method of transmittal." *Id.* at 828. The facts here are indistinguishable from *Outboard Marine*: MarchFIRST's notice was sufficiently clear that submission by mail or by hand were the only permissible methods of transmittal. The company was not required to also list all *im*permissible methods of transmittal. Furthermore, the form clearly emphasized that the *original* proof-of-claim form must be submitted, implicitly ruling out faxed submissions. Transmission by facsimile was improper, and the bankruptcy court correctly rejected Avnet's argument.[1]

Avnet next argues that the bankruptcy court erred by not exercising its discretion under Rule 5005(c) of the *Federal Rules of Bankruptcy Procedure* to deem its claim timely. Rule 5005(c) states: "In the interest of justice, the

---

[1] Even if we accepted Avnet's argument that a faxed copy was proper, we would still affirm the bankruptcy court's decision because Avnet did not fax its proof of claim until 43 minutes after the deadline. Avnet argues that its small delay constitutes "excusable neglect," as the Supreme Court has formulated that defense in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993). As the district court correctly noted, however, the defense of excusable neglect is only available in Chapter 11 bankruptcy cases, not Chapter 7 bankruptcy cases. *See In re De Vries Grain & Fertilizer, Inc.*, 12 F.3d 101, 105 (7th Cir. 1993).

court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery." Avnet argues that its faxed claim constitutes an "erroneous delivery" under Rule 5005(c), and the bankruptcy court abused its discretion by not accepting the claim. We disagree. Rule 5005(c) only applies where a claimant delivers a document to the wrong *recipient*—for example, to the trustee instead of the bankruptcy clerk or vice versa. *See id.* (discussing the various ways in which a paper could be erroneously delivered to the bankruptcy clerk, the trustee, the attorney for the trustee, or the bankruptcy judge, among others); *Outboard Marine*, 386 F.3d at 828 ("Rule 5005(c) . . . grants the bankruptcy court equitable discretion to backdate papers like a proof of claim that are 'erroneously delivered' *to the wrong official* in a bankruptcy proceeding." (emphasis added)). The rule does not address situations where the claimant makes a delivery using the wrong *method,* and we are unaware of a single case in which a court relied upon this rule to excuse a claimant who delivered his claim to the correct recipient using the wrong method. Further, Rule 5005(c) is an equitable rule. Avnet, a sophisticated claimant with benefit of counsel, did not give the bankruptcy court any reason to believe that the equities weighed in its favor; it did not explain why it waited until 43 minutes after the deadline to fax a copy of its proof of claim. A claimant who wants the benefit of Rule 5005(c) must "offer[] [a] convincing justification or explanation for its untimely filing." *Id*. The bankruptcy court did not abuse its discretion in declining to deem Avnet's claim timely.

Finally, Avnet argues that the bankruptcy court should have considered its faxed submission as an informal proof of claim and its subsequent mailing of the original as an amendment to that informal claim. The informal proof-of-claim doctrine is an equitable doctrine that permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. *See Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000); *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462, 465 (7th Cir. 1984). Even if we were inclined to consider Avnet's initial fax as an informal claim, the fax was not timely; Avnet's fax arrived 43 minutes late.

For the foregoing reasons, we AFFIRM the decision of the district court.