*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0396p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re:  MICHAEL MARK NOWAK and
CHRISTINA SUSAN NOWAK,

*Debtors.*

_____

PCFS FINANCIAL,

*Plaintiff-Appellant,*

*v.*

LYDIA E. SPRAGIN,

*Defendant-Appellee.*

No. 08-3690

On Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 01-50913—Marilyn Shea-Stonum, Bankruptcy Judge.

Argued:  October 13, 2009

Decided and Filed:  November 13, 2009

Before:  O'CONNOR, Associate Justice;[*] GILMAN and GIBBONS, Circuit Judges.

_____

### COUNSEL

**ARGUED:**  David A. Freeburg, McFADDEN & FREEBURG CO., L.P.A., Cleveland, Ohio, for Appellant.  Lydia Evelyn Spragin, Akron, Ohio, for Appellee.  **ON BRIEF:** David A. Freeburg, McFADDEN & FREEBURG CO., L.P.A., Cleveland, Ohio, for Appellant.  Lydia Evelyn Spragin, Akron, Ohio, for Appellee.

_____

[*] The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

---

**OPINION**

---

RONALD LEE GILMAN, Circuit Judge.   Three years prior to filing for Chapter 7 bankruptcy relief, Michael and Christina Nowak executed a mortgage on their residence in favor of PCFS Financial.   Lydia Spragin, the trustee of the Nowaks' bankruptcy estate, successfully voided PCFS's lien on the residence based on a technical defect in the execution of the mortgage instrument.   After losing its secured-creditor status, PCFS failed to file a formal proof of claim with the bankruptcy court.   Spragin's final report to the bankruptcy court, therefore, did not propose any distribution to PCFS from the bankruptcy estate.   PCFS objected to the report and moved the court to allow an informal proof of claim based on PCFS's prior filings as a putative secured creditor.

The bankruptcy court denied the motion, concluding that PCFS's prior filings did not constitute an informal proof of claim.   In the alternative, the court determined that the equities did not favor PCFS even if the prior filings were deemed to meet the informal-proof criteria.   On appeal, the Bankruptcy Appellate Panel (BAP) disagreed with the bankruptcy court's first conclusion, but affirmed on the basis that the court's alternative conclusion regarding the equities was not an abuse of discretion.   For the reasons set forth below, we **AFFIRM** the judgment of both the BAP and the bankruptcy court.

## I.  BACKGROUND

The relevant facts in this bankruptcy appeal are undisputed.   On March 6, 1998, the Nowaks executed a $470,900 mortgage on their Medina, Ohio residence in favor of PCFS.   Three years later, the Nowaks jointly filed for Chapter 7 bankruptcy relief. Spragin was appointed as trustee for the Nowaks' estate and, in that capacity, she issued notices to the Nowaks' creditors to file proofs of claim.   The bar date for filing such claims was July 24, 2001.   At the time these notices were issued, PCFS was considered a secured creditor and therefore was not required to file a proof of claim.   *See* Fed. R.

Bankr. P. 3002(a) (requiring only unsecured creditors to file proofs of claim against non-corporate bankruptcy estates).  The Nowaks received a discharge from the bankruptcy court in August 2001.

On the day after all proofs of claim were due, Spragin moved to employ an attorney for the purpose of voiding the lien of PCFS on the Nowaks' residence pursuant to 11 U.S.C. § 544(a).  The bankruptcy court granted this motion and, in October 2001, Spragin filed a separate adversary proceeding to void PCFS's lien.  Spragin contended that PCFS's mortgage was invalid under Ohio law because the execution of the mortgage had not been witnessed by two people.

Meanwhile, in the underlying bankruptcy case, Spragin filed a notice of intent to sell the residence.  She proposed the sale because PCFS's lien on the residence was the subject of a "bona fide dispute."  PCFS objected, arguing that there was no bona fide dispute and that the proposed sale price would not satisfy the lien, but instead would create a deficiency.  In addition, PCFS filed a motion for relief from the automatic stay imposed by the Bankruptcy Code and for the abandonment of the Nowaks' residence by the bankruptcy estate.  The bankruptcy court overruled PCFS's objection to the sale of the residence, and PCFS subsequently withdrew its motion for relief from the automatic stay.

At the conclusion of the bench trial in the adversary proceeding, the bankruptcy court ruled in favor of Spragin and against PCFS.  The court agreed with Spragin that PCFS's mortgage was not executed with the proper formalities.  Accordingly, the court entered an order voiding PCFS's lien on June 9, 2003, causing PCFS to become an unsecured creditor.  PCFS appealed that decision to the BAP.

While PCFS's appeal was pending in the adversary proceeding, Spragin filed an amended notice of intent to sell the Nowaks' residence in the underlying bankruptcy case.  PCFS did not file an objection to the notice.  The residence was sold in the spring of 2003 for $300,000.  In September 2005, the BAP affirmed the decision of the bankruptcy court in the adversary proceeding, and PCFS did not appeal.

No documents were filed by the parties in the bankruptcy case during 2006.  In January 2007, Spragin filed a final report and accounting.  She recommended the distribution of funds to all unsecured creditors who had filed allowed claims.  Because PCFS had not filed a proof of claim, however, Spragin did not include PCFS as a creditor in the proposed distribution.

PCFS objected to Spragin's final report and moved the bankruptcy court to allow an informal proof of claim.  The motion stated that "[t]he filings made to the court, including the motion for relief from stay and documents filed within the adversary proceeding, and the debtors['] testimony" collectively qualified as an informal proof of claim.  Spragin responded by arguing that PCFS's claim should not be allowed because PCFS had ample opportunity to file a formal proof of claim but failed to do so.

The bankruptcy court ruled in favor of Spragin.  First, the court determined that PCFS's various filings did not constitute an informal proof of claim because they did not contain a demand on the Nowaks' estate and did not express an intent to hold the Nowaks liable for the debt.  In the alternative, the court concluded that the equities weighed in favor of disallowing PCFS's informal proof of claim.  The court reasoned that PCFS had not filed anything prior to the claims-bar deadline, that PCFS had not explained its failure to file a formal proof of claim, and that the allowance of PCFS's claim would reduce the recovery of the other creditors from 100 percent to 29 percent.  Accordingly, the court overruled the objection of PCFS and denied PCFS's motion to allow an informal proof of claim.

PCFS appealed the bankruptcy court's decision to the BAP.  The BAP majority concluded that PCFS's filings in the bankruptcy court did in fact qualify as an informal proof of claim, but nevertheless deferred to the court's discretion regarding the disallowance of the claim based on a weighing of the equities.  In contrast, the BAP dissent opined that the bankruptcy court's decision to disallow PCFS's claim lacked reasonable justification.  PCFS appeals the decision of the BAP, arguing that the BAP erred in upholding the bankruptcy court's conclusion that the equities weighed against allowing PCFS's claim.

## II.  ANALYSIS

### A.      Standard of review

In a bankruptcy appeal, we independently review a decision of the bankruptcy court that has been appealed to the BAP. *Tidewater Fin. Co. v. Curry (In re Curry)*, 509 F.3d 735, 735 (6th Cir. 2007).  The bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004).  "Whether an informal proof of claim should be allowed is an equitable determination by the bankruptcy court." *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 607 (6th Cir. 2000). "Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion." *Id.*  An abuse of discretion will be found where the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment." *Id.* at 607-08 (alterations, citation, and internal quotation marks omitted).  "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* at 608.

### B.      General principles of law

If an unsecured creditor wishes to participate in the distribution of the assets of a bankruptcy estate, the creditor must file a timely proof of claim with the bankruptcy court. Fed. R. Bankr. P. 3002(a).  A proof of claim "executed and filed in accordance with [Rule 3001] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  Where a creditor has failed to file a formal proof of claim prior to the claims-bar date, the creditor may nevertheless seek allowance of its untimely claim through the common law doctrine of an informal proof of claim. *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d at 608-09.  This doctrine is intended to "alleviate problems with form over substance" where a creditor has "failed to adhere to the strict formalities of the Bankruptcy Code," but has made filings that "put[] all parties

on sufficient notice that a claim is asserted by a particular creditor." *Id.* (citation and internal quotation marks omitted).

The doctrine "permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof of claim which can be amended after the bar date so that it is in conformity with the requirements of [Rule 3001]." *Id.* at 608. Pre-bar date filings must meet four elements to constitute an informal proof of claim: "(1) The proof of claim must be in writing; (2) The writing must contain a demand by the creditor on the debtor's estate; (3) The writing must express an intent to hold the debtor liable for the debt; and (4) The proof of claim must be filed with the bankruptcy court." *Id.* at 609 (citation omitted). If all four of these conditions are met, "the court may examine a fifth factor—whether it would be equitable to allow the amendment of the informal proof." *Id.*

The fifth factor of the informal-proof-of-claim doctrine is an equitable determination, which, as previously stated, is within the sound discretion of the bankruptcy court. *Id.* at 607. As this court has explained:

> Creditors who ignore the formalistic requirements of the Code do so at their own peril, however, as they run the risk of being denied use of the informal proof of claims doctrine if their pre-bar date actions do not meet the standards imposed in their jurisdiction. These standards are designed to protect the interests of the debtor as well as the other creditors who saw fit to follow the Code's rules and whose interests may be directly affected by the delinquent creditor's failure to file in a timely fashion. It is a delicate balance. On the one hand we do not wish to enact too heavy-handed a measure to punish a creditor who may not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable. On the other hand, we must protect the rights and interests of the parties at interest whose diligence entitles them to a timely distribution of the estate.

*Id.* at 609. This fifth factor does not lend itself to bright-line rules. Rather, the bankruptcy court is charged with balancing the interests of the parties to determine whether the equities favor the allowance of the informal proof of claim.

A secured creditor is usually not required to file a proof of claim to maintain its interest in the collateral to which its security interest attaches. *See* 11 U.S.C. § 506(d) & note (Revision Notes and Legislative Reports, 1978 Acts, Subsection (d)); Fed. R. Bankr. P. 3002(a); *Talbert v. City Mortgage Servs. (In re Talbert)*, 344 F.3d 555, 561 (6th Cir. 2003) (recognizing the traditional rule that "real property liens emerge from bankruptcy unaffected"). But there are two situations in which a secured creditor does have to file a proof of claim to preserve its interests in the assets of the bankruptcy estate. First, where a creditor's lien on the collateral exceeds the value of the property, that creditor has a partially unsecured claim and must file a proof of claim with the bankruptcy court if it wishes to receive any distribution from the estate to compensate for this deficiency. *See* 11 U.S.C. § 506(a)(1); Fed. R. Bankr. P. 3002(a).

The second situation is where the trustee of a bankruptcy estate successfully voids a creditor's lien in an adversary proceeding brought under 11 U.S.C. § 544(a). If this occurs, the creditor loses its secured status and has 30 days from the judgment that voids its security interest to file proof of an unsecured claim. Fed. R. Bankr. P. 3002(c)(3) & advisory committee note (Subsection (c)). And if the creditor does not file a timely proof of its now-unsecured claim, the bankruptcy court may refuse to allow the claim. 11 U.S.C. § 502(b)(9).

## C.　　The bankruptcy court's equitable determination

In the present case, the sole issue on appeal is whether the bankruptcy court abused its discretion in not allowing PCFS's informal proof of claim. The court relied on three factors in denying the claim: (1) the length of PCFS's delay in pursuing an unsecured claim in light of the notice to PCFS that it might lose its secured status, (2) the lack of any explanation from PCFS for this delay or for the failure to file any formal proof of claim, and (3) the significantly reduced distribution available to the other creditors if PCFS's claim were allowed. After a thorough review of the record, we conclude that the bankruptcy court's determination was not unreasonable for the reasons set forth below.

### 1.       *Notice to PCFS of the need to file a claim*

As noted by the bankruptcy court, PCFS had ample notice of the likelihood that it would lose its status as a secured creditor, necessitating the filing of a proof of claim. By mid-2001, PCFS and its counsel knew that Spragin was planning to challenge PCFS's lien on the Nowaks' residence. Spragin initiated the adversary proceeding in October 2001 to litigate this very issue. Indeed, another creditor that was a party to the adversary proceeding and claimed a second mortgage on the residence—Key Bank N.A.—recognized the likelihood of losing its secured status and agreed to surrender its lien on the property. A stipulated order provided that Key Bank would "take in proportion with the unsecured creditors in [the] action," and Key Bank was given 30 days to file its proof of claim pursuant to Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure. The record of the adversary proceeding thus provided PCFS with clear notice of the consequences of losing its security interest in the Nowaks' residence.

Moreover, even if PCFS had maintained its secured-creditor status, the sale of the Nowaks' residence created an unsecured deficiency for which PCFS would have had to file a claim to receive a distribution from the estate. PCFS recognized the existence of the deficiency at the time it objected to Spragin's proposed sale of the residence in September 2002. Yet when the bankruptcy court overruled PCFS's objection in February 2003, PCFS still did not file a claim for the unsecured deficiency. PCFS thus failed to protect its interests despite repeated notice of the need to file a proof of claim. As the United States Court of Appeals for the Tenth Circuit has stated, "the equities do not favor protecting a financial organization that had numerous opportunities to protect itself." *Clark v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir. 1992).

PCFS attempts to rebut the negative implications of its failure to act by arguing that the other creditors would not be unfairly surprised by the allowance of PCFS's claim because they had clear and repeated notice of its existence. According to PCFS, the other creditors had to be aware that any distribution of assets from the bankruptcy estate

would come almost entirely from PCFS's collateral and that PCFS had by far the largest claim against the estate. PCFS argues that its failure to file a formal proof of claim, when viewed in light of the notice to the other creditors of PCFS's interest in the estate, does not weigh against allowing an informal proof of claim.

We find this argument unpersuasive because it fails to take into account the conduct of PCFS in the bankruptcy proceedings, which suggested that PCFS was no longer pursuing its claim against the estate. First, PCFS withdrew one of the key filings that it relies on as evidence of its informal proof of claim—the motion for relief from the automatic stay filed in January 2003. It withdrew this motion only two months later, in March 2003.

Another example of PCFS's inaction is its failure to object to Spragin's November 2003 amended notice of intent to sell the residence. And even after the BAP affirmed the bankruptcy court's decision to void PCFS's lien in September 2005, PCFS did not pursue an appeal to this court. Finally, PCFS did not make any filings whatsoever with the bankruptcy court for the entirety of 2006.

The creditors could have concluded from this conduct that PCFS had abandoned its claims against the bankruptcy estate. Spragin herself believed this to be the case when she filed her final report and accounting in January 2007. Thus, PCFS's argument about the lack of unfair surprise to the other creditors is questionable and does not show that the bankruptcy court abused its discretion.

### 2.     *PCFS's unexplained failure to file a timely claim*

The second factor relied upon by the bankruptcy court in making its equitable determination was that PCFS failed to file any formal proof of claim and did not explain its delay in filing the motion to allow an informal proof of claim. PCFS contends that this factor should not weigh against it because "[i]n all cases where an informal proof of claim is at issue the time for filing a timely proof of claim must have passed, otherwise, there would be no need to have an informal proof of claim." Although PCFS correctly notes that there is always untimeliness when a party seeks allowance of an

informal proof of claim, the issue here is the lack of any explanation for PCFS's conduct in this case. Only when Spragin filed her final report in January 2007 did PCFS seek recognition of an unsecured claim against the estate. PCFS did not offer any explanation to the bankruptcy court for PCFS's failure to timely file a formal proof of claim or for its delay in moving for the allowance of an informal proof. At oral argument before us, the only explanation offered by PCFS's counsel for the error was that it was "an oversight."

The bankruptcy court determined that PCFS's unexplained conduct weighed against recognizing its informal proof of claim. This conclusion is supported by a case from the United States Court of Appeals for the Seventh Circuit, in which that court reasoned:

> Perhaps most importantly, [the creditor] has not offered any convincing justification or explanation for its untimely filing. Despite having actual knowledge of the Bar Date and being represented by counsel at all relevant times, [the creditor] failed to timely file its proof of claim. As noted by the district court, [the creditor's] problem is a "self-inflicted wound," and it has no one to blame but itself for this predicament. This is not the case of an unsophisticated claimant confused by complex terms in a bankruptcy notice.

*In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004). Similarly, in the present case, PCFS is a sophisticated lender that has been represented by counsel throughout the proceedings. Its failure to file a timely claim is therefore a "self-inflicted wound," and the bankruptcy court did not abuse its discretion in determining that the unexplained delay weighed against allowing PCFS's informal proof of claim.

### 3.      *Distribution available to other creditors*

The third factor on which the bankruptcy court based its decision was the substantial dilution in the distribution to the other creditors that would occur if the court allowed PCFS's claim. As the court explained, the percentage distribution "to holders of allowed unsecured claims would drop from 100% plus interest to approximately 29%." The court concluded that such a large dilution in the distribution, coupled with

the lack of explanation for PCFS's untimeliness, "would work too large an inequity for an 'informal' proof of claim by PCFS Financial to be allowed."

On appeal, PCFS argues that the bankruptcy court abused its discretion in making this determination by failing to adequately consider that (1) a dilution in the distribution to the other creditors is always a necessary consequence of allowing an informal proof of claim, and is therefore not remarkable, (2) the estate consists almost entirely of PCFS's security interest, (3) PCFS's claim is not disputed, (4) the percentage distribution that would be paid to the other creditors if PCFS's claim were allowed is reasonable and well above the national average for Chapter 7 cases, (5) equity favors inclusion of all creditors, and (6) the purpose of the Bankruptcy Code is to provide pro rata distribution to all unsecured creditors. Although PCFS's arguments are not without force, it has failed to demonstrate that the bankruptcy court's decision to the contrary was so unreasonable as to constitute an abuse of discretion. *See Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 612 (6th Cir. 2000) (explaining that an abuse of discretion should be found only where "the bankruptcy court's conclusion . . . was so unreasonable as to be unsupportable or to leave us with a definite and firm conviction that the bankruptcy court committed a clear error of judgment" (alterations, citations, and internal quotation marks omitted)).

The bankruptcy court determined that the significant reduction in percentage distribution to the other creditors that would result from allowing PCFS's informal proof of claim weighed against PCFS. At least one other bankruptcy court applied the same reasoning in similar circumstances, stating that, among other things, the reduction of a dividend from 33 percent to "a fraction" of that percentage "is prejudicial to the creditors and cannot be allowed." *In re Wigoda*, 234 B.R. 413, 417 (Bankr. N.D. Ill. 1999); *see also In re Outboard Marine Corp.*, 386 F.3d at 829 (recognizing the effect "on the payout to the creditors with timely-filed claims" as an equitable factor militating against permitting an untimely claim). Although we view the degree of dilution as a questionable factor to take into account, the above-cited cases indicate that other reasonable jurists would agree with the bankruptcy court's determination that the large

dilution in the present case was an appropriate consideration weighing against allowing PCFS's claim.

### 4.     *The balancing of the equities*

This is not a case in which an unsophisticated lender complied with the substance of the bankruptcy rules but unknowingly failed to file the appropriate form. Rather, the lender in this case, a financial institution represented by counsel from the beginning of the bankruptcy proceedings, failed to timely file a proof of claim despite repeated opportunities to do so. *See In re Outboard Marine Corp.*, 386 F.3d at 828; *Clark v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir. 1992).

Although PCFS has offered several factors that weigh in favor of allowing its informal proof of claim, the trustee has provided countervailing reasons why such an allowance would be inequitable. Reasonable persons could differ in their balancing of the equities in this case. The bankruptcy court therefore did not abuse its discretion in making this equitable determination and refusing to allow PCFS's informal proof of claim. *See In re M.J. Waterman & Assocs., Inc.*, 227 F.3d at 612 (affirming the bankruptcy court's refusal to allow an informal proof of claim because "[i]t is an outcome over which reasonable minds could certainly differ and cannot be deemed an abuse of discretion").

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of both the BAP and the bankruptcy court.